IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 109,912

STATE OF KANSAS,
*Appellee*,

v.

KEVIN E. GRAY,
*Appellant*.

SYLLABUS BY THE COURT

1.

A district court should examine a motion to correct illegal sentence brought under K.S.A. 22-3504 to determine if it raises substantial issues of law or fact. If it does not, the motion may be summarily denied.

2.

An appellate court applies a de novo standard of review to a district court's summary denial of a motion to correct illegal sentence.

3.

An illegal sentence is defined as (1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in the character or the term of the authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served.

4.

Under the facts of this case, the district court did not err in summarily denying defendant's motion to correct an illegal sentence under K.S.A. 22-3504.

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed March 18, 2016. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, was on the brief for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellees.

The opinion of the court was delivered by

NUSS, C.J.:  Kevin Gray appeals from the district court's summary denial of his motion to correct illegal sentence brought under K.S.A. 22-3504. Our jurisdiction is proper under K.S.A. 2015 Supp. 22-3601. We affirm the summary denial.

FACTS AND PROCEDURAL BACKGROUND

In 1986, Kevin Gray pled guilty to four counts of rape and one count of attempted rape in exchange for the State dropping three counts of aggravated burglary, two counts of aggravated sodomy, two counts of aggravated robbery, and one count of aggravated battery. Twenty-six years after sentencing, Gray filed a motion to correct journal entry pursuant to K.S.A. 22-3504(1) and (2). Following responses from both parties, the district court treated the motion as one to correct illegal sentence and summarily denied it, *i.e.*, without appointing counsel or conducting a substantive hearing.

After receiving Gray's motion for reconsideration and the State's response, the district court also summarily denied that motion. Gray appeals.

More facts will be added as necessary to the analysis.

2

Issue 1: *The district court used proper procedures in denying Gray's motion to correct illegal sentence.*

Gray first claims he was entitled to more than a mere summary disposition of his motion. He concedes our ample precedent against his position, *e.g.*, *State v. Duke*, 263 Kan. 193, 946 P.2d 1375 (1997). But he asks us to reverse this caselaw, arguing that the plain language of K.S.A. 22-3504 and public policy dictate that all movants should be entitled to counsel and a hearing on such motions.

The State responds we should follow our precedent and only require district courts to conduct a preliminary examination before deciding whether to appoint counsel and hold a substantive hearing. It also argues Gray has failed to advance any arguments not previously rejected by this court.

### Standard of review

Whether the existing interpretation of a statute should be changed is reviewed de novo. See *Makthepharak v. State*, 298 Kan. 573, 575, 314 P.3d 876 (2013) (citing *State v. Spencer*, 291 Kan. 796, 804, 248 P.3d 256 [2011]).

### Discussion

K.S.A. 22-3504(1) provides:

> "The court may correct an illegal sentence at any time. The defendant shall receive full credit for time spent in custody under the sentence prior to correction. The defendant shall have a right to a hearing, after reasonable notice to be fixed by the court, to be personally present and to have the assistance of counsel in any proceeding for the correction of an illegal sentence."

This court has consistently instructed district courts considering a motion to correct illegal sentence to conduct a preliminary examination of the motion. See *Makthepharak*, 298 Kan. at 576; *Duke*, 263 Kan. 193. Based on this preliminary examination, the district court "'may dismiss a motion to correct an illegal sentence "'without a hearing or appointment of counsel if . . . the motion, files, and records of the case conclusively show the defendant is not entitled to relief.'" [Citations omitted.]'" 298 Kan. at 576 (quoting *State v. Jones*, 292 Kan. 910, 913, 257 P.3d 268 [2011]).

Gray presents no convincing argument that a rule is now warranted for the automatic appointment of counsel or the conducting of a hearing in all motions to correct illegal sentence. And we reject his request to withdraw our longstanding rule. See, *e.g.*, *State v. Heronemus*, 294 Kan. 933, 935-36, 281 P.3d 172 (2012). So we conclude the district court's preliminary examination procedure was appropriate under K.S.A. 22-3504.

Issue 2: *The district court did not err in concluding that Gray's sentence is legal.*

Gray next asserts his sentence is illegal for two reasons. First, he argues that at the sentencing hearing, the court failed to identify the crimes he committed or the statutes he violated under counts eight, nine, or eleven—*i.e.*, three of the four rape charges for which he was being sentenced. Second, he argues that while the later journal entry correctly identified the attempt statute for count six, it failed to identify the statute for the substantive crime—rape—underlying his attempt. Gray claims these failures leave the sentence open for misinterpretation or ambiguity. The State responds the sentence is not ambiguous and therefore is not illegal.

*Standards of review and preliminary matters*

Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which the appellate court has unlimited review. *State v. Taylor*, 299 Kan. 5, 8, 319 P.3d 1256 (2014). And we review de novo a district court's summary denial of a motion to correct illegal sentence because we examine the same motion, records, and files as the district court. *Makthepharak*, 298 Kan. at 577. Like the district court, this court must determine whether these documents "conclusively show the defendant is not entitled to relief." *State v. Gilbert*, 299 Kan. 797, 801, 326 P.3d 1060 (2014).

The State points out that Gray did not raise these issues below and therefore cannot raise them now without an excuse. And Gray offers none. See Supreme Court Rule 6.02(a)(5) (2015 Kan. Ct. R. Annot. 41) ("If the issue was not raised below, there must be an explanation why the issue is properly before the court.").

But K.S.A. 22-3504(1) specifically authorizes a court to "correct an illegal sentence at any time," which we have interpreted to mean that "an illegal sentence issue may be considered for the first time on appeal." *State v. Floyd*, 296 Kan. 685, 690, 294 P.3d 318 (2013); see *State v. Dickey*, 301 Kan. 1018, 1027, 350 P.3d 1054 (2015). Accordingly, Gray's arguments are properly before the court.

*Discussion*

K.S.A. 22-3504 only applies if the sentence in question is illegal. An illegal sentence is defined as "'(1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in the character or the term of the authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served.'" *Makthepharak*, 298 Kan. at 578 (quoting *State v. Trotter*, 296 Kan. 898, 902, 295 P.3d 1039 [2013]). We have held

that K.S.A. 22-3504(1) has "very limited applicability" and that a sentence is only illegal if it fits within the definition. 298 Kan. at 581.

As further discussed below, the district court articulated at the sentencing hearing and in the journal entry that Gray was to serve a specific amount of time—15 to life on each charge of rape (counts two, eight, nine, and eleven) and 5 to 20 years on the charge of attempted rape (count six)—and in a specific manner, *i.e.*, in the custody of the Secretary of Corrections. Moreover, the judge clarified during the course of the hearing and in the journal entry those crimes for which Gray was sentenced.

We first observe that Gray's counsel began the hearing with a statement of the plea bargain regarding the four counts of rape and the attempted rape and their accompanying sentences:

> "[Defense Counsel]: Yes, your Honor. My client, Mr. Gray, accepted the plea negotiations from the State for a recommendation of *five to twenty on the four counts of rape, and a three to ten on the attempted rape*, Your Honor, and that was to run consecutively, involving twenty three years as a minimum recommendation by the State." (Emphasis added.)

The district court made clear the five charges contained in the plea agreement when it imposed sentences at the hearing as follows: count two—"not less than fifteen years nor more than life;" count six—"not less than five years nor more than twenty;" count eight—"not less than fifteen years nor more than life;" count nine—"not less than fifteen years nor more than life;" and count eleven—"not less than fifteen years nor more than life."

The court then clarified for the State that the four rape sentences were to run consecutively, not concurrently:

6

"I'm going to run count two consecutively to count eight; count eight consecutively to count nine; and count nine consecutively to count eleven. *Each rape is an individual crime, and there must be time served for it*." (Emphasis added.)

In response to the State's query, again the court specified the four rape sentences were to run consecutively and directed that the attempted rape sentence run concurrently:

"[The State]:  Your Honor, is count six [attempted rape] concurrent with count two, or are they all consecutively?

"THE COURT:  *I ran the rapes consecutively. The attempted rape will go concurrent with all of them*. Each rape was a separate heinous crime and, therefore, there should be a sentence served on each one." (Emphasis added.)

Of the five counts to which Gray pled guilty, his counsel expressly agreed four were for rape, and the remaining count was for attempted rape. So while the court's sentencing statements do not identify specific criminal statutes, they sufficiently connect each rape—and corresponding consecutive sentences—to each of the four counts. Contrary to Gray's argument, there can be no confusion or ambiguity as to the time and manner the rape sentences were to be served.

The journal entry also specifies the rape statutes related to sentencing for counts two, eight, nine, and eleven—K.S.A. 21-3502 for defining rape, K.S.A. 21-4501(b) for the sentences authorized for Class B felonies such as rape, and K.S.A. 21- 4618 for mandatory minimum sentences due to the use of a firearm in the commission of the rape:

"IT IS THE SENTENCE OF THIS COURT AND IT IS HEREBY CONSIDERED, ORDERED, ADJUDGED AND DECREED that the defendant is hereby committed to the custody of the Secretary of Corrections for imprisonment for a period of not less than fifteen (15) years to life on each charge of Rape, Count Two, Count Eight, Count Nine, and Count Eleven, each contrary to K.S.A. 21-3502 and Count Two and

7

Count Eight in accordance with K.S.A. 21-4501(b); Count Nine and Count Eleven in accordance with K.S.A. 21-4501(b) and K.S.A. 21-4618; and committed to the custody of the Secretary of Corrections for a period of not less than five (5) years nor more than twenty (20) years on the charge of Attempted Rape, Count Six, contrary to K.S.A. 21-3301 and in accordance with K.S.A. 21-4501(c)."

The State acknowledges that for the charge of attempted rape contained in count six, the journal entry cites only the attempt statute, K.S.A. 21-3301. But it argues the journal entry previously expressed the statutory citation for rape in counts two, eight, nine, and eleven. So it need not be repeated in referencing count six, *i.e.*, attempted rape. For this reason we agree the journal entry and its memorialized sentence for attempted rape also are not ambiguous.

Accordingly, the decision of the district court is affirmed.