NOT DESIGNATED FOR PUBLICATION

No. 115,276

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ISRAEL REYNA,
*Appellant.*


MEMORANDUM OPINION


Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed December 9, 2016. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Ellen H. Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., GREEN and LEBEN, JJ.

LEBEN, J.: In 2007, Israel Reyna was convicted of four counts of aggravated indecent liberties with a child and was sentenced to life in prison with no chance of parole for 25 years. In this case, he appeals the district court's denial of his second motion to correct an illegal sentence. But we affirm the district court's judgment because all of the issues raised in Reyna's motion were already decided in his direct appeal, so he cannot use an illegal-sentence motion to relitigate them.

FACTUAL AND PROCEDURAL BACKGROUND

In 2007, a jury convicted Reyna of four counts of aggravated indecent liberties with a child based on an incident involving two girls, aged 6 and 7. Reyna had very little criminal history—his criminal-history score was I—and he filed motions asking the court to place him on probation instead of sending him to prison or to impose a shorter prison sentence. The district court denied those motions and sentenced him to life in prison without the possibility of parole for 25 years. Reyna appealed, and the Kansas Supreme Court affirmed his convictions and sentence. *State v. Reyna*, 290 Kan. 666, 234 P.3d 761 (2010), *overruled in part by State v. Dunn*, 304 Kan. 773, 375 P.3d 332 (2016) (changing the standard of review for challenges to charging documents). We will discuss Reyna's direct appeal and the *Dunn* case overruling one aspect of the *Reyna* decision in more detail later.

In May 2012, Reyna filed a motion to correct an illegal sentence, which the district court denied because all the issues Reyna raised in his motion had already been decided in his direct appeal. Reyna appealed, and this court affirmed. *State v. Reyna*, No. 108,874, 2013 WL 5870074 (Kan. App. 2013) (unpublished opinion), *rev. denied* 300 Kan. 1107 (2014).

In September 2014, Reyna filed another motion to correct an illegal sentence. The district court initially denied it because it believed that Reyna's first motion was still on appeal. Reyna filed a motion to amend the judgment, showing that his first appeal had ended. The district court then issued a second order denying the motion because Reyna's claims had already been decided in his direct appeal.

Reyna now appeals to this court.

2

Reyna acknowledges in his brief on appeal that his arguments do not succeed under established Kansas caselaw because the issues he raises in his motion to correct an illegal sentence were already decided in his direct appeal. Nonetheless, we will briefly explain why the arguments in his illegal-sentence motion fail.

A court can correct an illegal sentence at any time. K.S.A. 22-3504. An illegal sentence is a sentence that is imposed by a court without jurisdiction, that doesn't follow the statutes that set out the sentence, or that is ambiguous with respect to the time and manner in which it is to be served. *State v. Gray*, 303 Kan. 1011, 1014, 368 P.3d 1113 (2016). When a district court denies a motion to correct illegal sentence without holding a hearing, as the district court did here, we do not defer to the district court's conclusions. 303 Kan. at 1013-14. Instead, we independently perform the same review as the district court and review the motion, records, and files to determine whether they conclusively show that the defendant isn't entitled to relief. 303 Kan. at 1013-14.

Reyna's motion argues that his sentence is illegal because the State didn't properly charge him with the crime for which he was sentenced, depriving the district court of jurisdiction to impose that sentence.

At the time of Reyna's crime, aggravated indecent liberties with a child was generally a severity-level-3 felony, and a defendant convicted of that crime would be sentenced based on his or her criminal-history score using the grid in the Kansas Sentencing Guidelines Act. K.S.A. 2006 Supp. 21-3504(c); *e.g.*, K.S.A. 2006 Supp. 21-4704. Reyna's criminal-history score was I, so his sentencing range on the grid was 55 to 61 months (around 5 years). K.S.A. 2006 Supp. 21-4704.

But if the defendant was over 18 at the time of the crime, then aggravated indecent liberties with a child became an off-grid crime with a longer sentence—specifically, life in prison without the possibility of parole for 25 years (known as a "hard 25" sentence). K.S.A. 2006 Supp. 21-3504(c); K.S.A. 2006 Supp. 21-4643(a).

So being 18 or older is an element of the off-grid crime, which is what the State charged Reyna with. K.S.A. 2006 Supp. 21-3504(c); *Reyna*, 290 Kan. at 676. But the charging document didn't expressly include the age element—it listed Reyna's birth year but didn't specifically state that Reyna was over 18 at the time of the crime. And at trial, the district court didn't instruct the jury to find that Reyna was over 18 at the time of the crime. So the jury didn't specifically find that fact, even though Reyna had testified at trial that he was 37 years old (in response to a question from his own attorney).

At sentencing, Reyna unsuccessfully argued that the district court should sentence him for the on-grid crime (around 5 years) rather than the off-grid crime (at least 25 years). First, he said that because the State hadn't listed his age in the charging documents, it hadn't properly charged him with the off-grid crime and didn't have jurisdiction to sentence him for it. Second, he said that because the jury didn't specifically find that Reyna was over 18 at the time of the crime, the judge couldn't use that fact (the only one distinguishing the off-grid crime from the on-grid crime) to increase Reyna's sentence because doing so would violate Reyna's Sixth Amendment right to a jury trial.

In his direct appeal, Reyna made these same arguments, but the Kansas Supreme Court affirmed his convictions and sentence. *Reyna*, 290 Kan. at 690. The court accepted that being 18 was an element of the off-grid crime and that the State hadn't expressly alleged Reyna's age in the charging document. 290 Kan. at 670, 676. But the court found that Reyna hadn't challenged the charging document at the district court level, so it applied a more difficult standard of review. 290 Kan. at 677. Under that standard, failing to allege Reyna's age in the charging document wasn't a reason to reverse his off-grid

4

convictions because his ability to prepare a defense hadn't been prejudiced, his ability to raise the fact of the conviction in a subsequent prosecution hadn't been affected, and his right to a fair trial hadn't been impaired. 290 Kan. at 678 (applying *State v. Hall*, 246 Kan. 728, 765, 793 P.2d 737 [1990]); *cf. Dunn*, 304 Kan. at 811-13 (overruling *Hall* standards). The court found also that while the trial court should have instructed the jury on the age element, the error was harmless beyond a reasonable doubt because of Reyna's own uncontested testimony that he was 37 years old. *Reyna*, 290 Kan. at 681-82.

Reyna repeated these arguments in his first motion to correct an illegal sentence, but this court affirmed the district court's denial "because Reyna is pressing the same argument that our Supreme Court has rejected and the final decision of a court of last resort is binding upon all lower courts." *Reyna*, 2013 WL 5870074, at *1.

Here, in his second illegal-sentence motion, Reyna essentially makes the same arguments one more time: he claims that the district court couldn't sentence him for the off-grid crime because the charging document didn't allege his age. Clearly, the Kansas Supreme Court ruled on this issue in Reyna's direct appeal. *Reyna*, 290 Kan. at 674-82. We have no authority to modify that ruling. *State v. McQuillen*, 236 Kan. 161, 175, 689 P.2d 822 (1984).

Reyna specifically argues that the district court abused its discretion when it failed to arrest the judgment against him because the charging document didn't include the age element. To "arrest judgment" means that the court won't enforce a verdict against a defendant because of some kind of error in the record. Black's Law Dictionary 132 (10th ed. 2014). For example, a criminal defendant can file a motion to arrest judgment when there's some kind of error in the charging documents. See, *e.g.*, *Reyna*, 290 Kan. at 677. Alternately, the district court can arrest judgment on its own, without a motion, if the circumstances warrant it. K.S.A. 22-3503 ("Whenever the court becomes aware of the

existence of grounds which would require that a motion for arrest of judgment be sustained, if filed, the court may arrest the judgment without motion.").

In Reyna's direct appeal, part of the Kansas Supreme Court's rationale for affirming Reyna's convictions and sentence was that Reyna didn't file a motion to arrest judgment. *Reyna*, 290 Kan. at 677. At that time, if Reyna had filed a motion to arrest judgment, the standard for what counts as an error in the charging document would have been easier to meet. 290 Kan. at 677 ("[A charging document] which omits one or more of the essential elements of the crime it attempts to charge is jurisdictionally and fatally defective, and a conviction based on such an information must be reversed."). But because Reyna hadn't filed that motion, the court said he was challenging the charging document for the first time on appeal. 290 Kan. at 677. Thus, the standard was essentially whether the alleged charging error had prejudiced him in any way. 290 Kan. at 677-78. Because it hadn't, the court affirmed. 290 Kan. at 678.

Reyna's motion in this case argues that he *did* challenge the charging document at the district court level when he asked the court to sentence him for the on-grid crime rather than the off-grid crime. By his reasoning, this means either that the district court should have arrested the judgment against him on its own or that the Kansas Supreme Court should have applied the more lenient standard of review, found that the charging document didn't properly charge the off-grid crime because it lacked the age element, and reversed his off-grid conviction. But this argument doesn't really allege that his sentence is illegal because the district court lacked the jurisdiction to impose it—it instead argues that the Kansas Supreme Court reached the wrong decision. And we have no power to modify the decisions of the Kansas Supreme Court. *McQuillen*, 236 Kan. at 175.

We do note that 2 years later, the Kansas Supreme Court reached a different result in a case with similar circumstances. In *State v. Portillo*, 294 Kan. 242, 256-57, 274 P.3d 640 (2012), *overruled by Dunn*, 304 Kan. at 810-11, the court found that the defendant

6

had raised his challenge to the charging document in the district court when he argued that the district court should sentence him for the on-grid crime rather than the off-grid crime. Thus, the court there applied the more lenient standard and reversed Portillo's off-grid conviction. 294 Kan. at 257. Because we have no power to modify the Kansas Supreme Court's decision in Reyna's case, however, we can't take any action in his case based on the ruling in *Portillo*.

Even more recently, though, the Kansas Supreme Court declared a new standard for reviewing challenges to charging documents—a standard that replaced the test first announced in 1990 in *State v. Hall*, 246 Kan. 728, 765, 793 P.2d 737 (1990), *overruled in part on other grounds by Ferguson v. State*, 276 Kan. 428, 78 P.3d 40 (2003), and applied in Reyna's direct appeal. The new standard, announced earlier this year in *Dunn*, now applies regardless of when a defendant raises the challenge. *Dunn*, 304 Kan. at 811. Under this standard, "[a] Kansas charging document should be regarded as sufficient . . . when it has alleged facts that would establish the defendant's commission of a crime recognized in Kansas." *Dunn*, 304 Kan. at 811-12. The *Dunn* court went on to note that challenges like Reyna's—about the absence of the age element for off-grid crimes— would likely fail under this standard because naming a defendant in a charging document implicitly includes his or her age on the date of the offense. 304 Kan. at 813.

We have tried to explain the background so that Reyna and others interested in the case could follow the developments in this area of the law as they might affect his case. The key point, though, is that in his direct appeal, Reyna had his chance to litigate the alleged error in the charging documents; he can't use an illegal-sentence motion to do so again. *State v. Conley*, 287 Kan. 696, 698, 197 P.3d 837 (2008) ("Such a motion may not be used to breathe new life into an appellate issue previously adversely determined."). In addition, since the Kansas Supreme Court ruled against him on the issue, we have no authority to do otherwise. *McQuillen*, 236 Kan. at 175.

7

We affirm the district court's judgment.