NOT DESIGNATED FOR PUBLICATION

No. 115,638

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL COMBS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Riley District Court; DAVID L. STUTZMAN, judge. Opinion filed April 7, 2017.
Affirmed.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Bethany C. Fields*, deputy county attorney, *Barry R. Wilkerson*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., STANDRIDGE and GARDNER, JJ.

*Per Curiam*:  Michael Combs appeals from a judgment of the trial court revoking his probation and ordering him to serve the balance of his sentence. Combs contends that the trial court imposed an ambiguous sentence when it simply stated that he would have to serve the balance of his sentence. Moreover, Combs contends that a 2013 amendment to K.S.A. 22-3717(d), the provision that outlines what terms of postrelease supervision defendants must serve, has made his lifetime postrelease supervision sentence illegal. We disagree. Accordingly, we affirm.

1

The State charged Combs with one count of sexual exploitation of a child, a severity level 5 person felony in violation of K.S.A. 2011 Supp. 21-5510(a)(2), for possessing child pornography between July and November 2011. Following a jury trial, Combs was found guilty. On January 4, 2013, the trial court sentenced Combs to 36 months' probation, with an underlying sentence of 32 months' imprisonment followed by lifetime postrelease supervision.

Combs appealed to this court, arguing that it was cruel and unusual punishment for a first-time sexual exploitation of a child offender to be sentenced to lifetime postrelease supervision. See *State v. Combs*, No. 109,728, 2014 WL 3019605 (Kan. App. 2014) (unpublished opinion), *rev. denied* 302 Kan. 1013 (2015). Citing *State v. Williams*, 298 Kan. 1075, Syl. ¶ 8, 319 P.3d 528 (2014), as authority, this court held that the imposition of lifetime postrelease supervision was not cruel or unusual punishment. *Combs*, 2014 WL 3019606, at *4-5.

Meanwhile, during the course of the 35 months Combs spent on probation, Combs violated the terms of his probation six times. During his final probation violation hearing, the trial court decided to revoke Combs' probation. Before revoking his probation, the trial court asked the parties to determine how much jail time credit Combs had earned. Once the parties determined that Combs had served about 20 months of his 32-month underlying prison sentence in jail, the trial judge made the following statement:

> "Okay. Alright. That's helpful. Thank you. . . . All along the way, it has been . . . like a dripping tap of violations and [there] has never been a point at which things cleared up and became what they needed to be. And at this point it appears to the Court that the appropriate resolution is to be remanded to the custody of the Secretary to serve the balance of the sentence, which will be accurately calculated completely, but if that's about right then that would leave approximately that period of time. Which it seems to me is appropriate to be served at this point."

*Did the Trial Court Impose an Ambiguous Sentence?*

Combs' first argument on appeal is that the trial court imposed an ambiguous postrelease supervision sentence when it revoked his probation. Combs concedes that the trial court "unambiguously conveyed that [he] was required to serve the remainder of his prison sentence." Nevertheless, Combs contends that the trial court's failure to specifically reference what term of postrelease supervision he would serve resulted in an ambiguous, and therefore illegal, sentence. Because Combs believes that the trial court failed to clearly articulate whether he was to serve lifetime postrelease supervision, Combs asks this court to remand to the trial court so the trial court could "articulate whether [he was] to serve lifetime postrelease, or some lesser sentence." The State counters that the trial court's pronouncement was not ambiguous because the trial court clearly stated that Combs was required to serve "the balance of [his] sentence," which necessarily included the trial court's original lifetime postrelease supervision sentence.

Under K.S.A. 22-3504(1), an illegal sentence includes a sentence that is ambiguous with respect to the time and manner in which it shall be served. "Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which the appellate court has unlimited review." *State v. Gray*, 303 Kan. 1011, 1013-14, 368 P.3d 1113 (2016). Moreover, appellate courts may review illegal sentence challenges when raised for the first time on appeal because K.S.A. 22-3504(1) specifically states that courts may "correct an illegal sentence at any time." See *Gray*, 303 Kan. at 1014.

Accordingly, Combs correctly argues that this court may consider his illegal sentence challenge raised for the first time on appeal. Although a trial court may modify a defendant's sentence after revoking that defendant's probation under K.S.A. 2015 Supp. 22-3716(c)(1)(E), the trial court here never intimated that it intended to modify Combs' sentence. Despite Combs' argument to the contrary, this means that the trial court told Combs he had to serve the original sentence of 32 months' imprisonment followed by

lifetime postrelease supervision. This is also confirmed by the trial court's journal entry, which states that it ordered Combs to serve his "original sentence" that included lifetime postrelease supervision.

Furthermore, *State v. Brown*, No. 110,488, 2015 WL 326450 (Kan. App. 2015) (unpublished opinion), *rev. denied* 302 Kan. 1012 (2015), a case the State relies on in its brief, is instructive on the outcome here. In *Brown*, Brown argued that the trial court's statement that it was revoking his probation and that he would have to serve "the sentence" was illegal. 2015 WL 326450, at *6. Like Combs, Brown conceded that "the sentence" the trial court was referring to meant "'the sentence announced at [his] original sentencing hearing.'" *Brown*, 2015 WL 326450, at *6. Yet, just like Combs, Brown asserted that because the trial court failed to explicitly reference what term of postrelease supervision he would be required to serve, this court needed to remand to the trial court so the trial court could clearly pronounce his entire sentence. *Brown*, 2015 WL 326450, at *6. In rejecting Brown's argument, this court stated:

> "The district court chose to require Brown to serve his underlying sentence. It is undisputed that the district court had already pronounced the terms of that complete sentence during Brown's original sentencing hearing as required by K.S.A. 2011 Supp. 21-6804(e)(2). No authority was found to support Brown's contention that the district court had to repeat those terms in requiring Brown to serve that sentence upon revoking his probation." *Brown*, 2015 WL 326450, at *7.

Although *Brown* is merely persuasive authority, it is highly persuasive authority given the similar facts and arguments. Combs has not addressed the *Brown* decision in his brief. Thus, he has failed to explain why this court should not reach the same conclusion as the *Brown* court. What is more, Combs has failed to provide *any* supporting authority for his argument in his brief. As pointed out by the *Brown* court, Brown was unable to cite a Kansas case on this specific issue. For these reasons, Combs' sentence is not illegal because it was not ambiguous. When the trial court ordered Combs to serve the

4

balance of his sentence, the trial court clearly meant that Combs was to serve the balance of his original sentence, which included his term of lifetime postrelease supervision. Because Combs' sentence was not illegal, we affirm.

*Is Combs' Sentence of Lifetime Postrelease Supervision Illegal?*

Next, Combs argues that his sentence of lifetime postrelease supervision was illegal because the July 2013 amendments to K.S.A. 22-3717 "have changed the mandatory duration of [his] postrelease from a term of life to 24 months." Combs does not contest that the imposition of lifetime postrelease supervision was legal when the trial court originally sentenced him. This is because K.S.A. 2011 Supp. 22-3717(d)(2)(H) defined Combs' crime of sexual exploitation of a child as a sexually violent crime, and K.S.A. 2011 Supp. 22-3717(d)(1)(G) states that persons who commit a "sexually violent crime" must serve lifetime postrelease supervision.

Nevertheless, Combs believes that K.S.A. 2015 Supp. 22-3717(d)(1)(D), which includes the 2013 amendments, and K.S.A. 2015 Supp. 22-3717(d)(1)(G), which has remained unaltered since he committed his offenses, directly conflict with one another as to the term of postrelease supervision sexually violent offenders must serve. Combs asserts that subparagraph (D) requires that sexually violent crime offenders serve terms of either 12, 24, or 36 months of postrelease supervision depending on the severity level of their crime, while subparagraph (G) requires that sexually violent offenders serve a term of postrelease supervision for the length of their natural life. Combs contends that under the rule of lenity, courts must resolve this conflict in favor of the defendant. Combs argues that this would result in sexual exploitation of a child offenders, like him, being sentenced to 24 months' postrelease supervision under K.S.A. 2015 Supp. 22-3717(d)(1)(D). Combs further argues that the 2013 amendments apply retroactively.

5

The State counters that "the plain language of [K.S.A. 2015 Supp. 22-3717(d)(1)] makes it clear that a defendant who is subject to subparagraph (G) is excluded from other subsections." The State further cites *State v. Chavez*, 292 Kan. 464, 254 P.3d 539 (2011), and *State v. Cameron*, 294 Kan. 884, 281 P.3d 143 (2012), for the proposition that specific penalty provisions like K.S.A. 2015 Supp. 22-3717(d)(1)(G) apply, rather than more general penalty provisions like K.S.A. 2015 Supp. 22-3717(d)(1)(D). Last, the State counters that Combs has misread K.S.A. 2015 Supp. 22-3717 in arguing that subparagraph (D) applies retroactively.

Under K.S.A. 22-3504(1), an illegal sentence includes a sentence that does not conform to the applicable statutory provisions. *Gray*, 303 Kan. at 1014. Thus, as with Combs' first argument, this court's review is unlimited because whether a sentence is illegal constitutes a question of law. See *Gray*, 303 Kan. at 1013. To the extent Combs' challenge requires this court to engage in statutory interpretation, this court's review is also unlimited because interpretation of a statute also involves a question of law. *State v. Keel*, 302 Kan. 560, 571-72, 357 P.3d 251 (2015). Additionally, as with Combs' first argument, this court may review Combs' illegal sentence challenge even though he is raising it for the first time on appeal. See K.S.A. 22-3504(1) (which states that courts may "correct an illegal sentence at any time").

In relevant part, K.S.A. 2015 Supp. 22-3717 states:

"(d)(1) Persons sentenced for crimes, other than off-grid crimes, committed on or after July 1, 1993, or persons subject to subparagraph (G), will not be eligible for parole, but will be released to a mandatory period of postrelease supervision upon completion of the prison portion of their sentence as follows:
. . . .
"(B) Except as provided in subparagraphs (D) and (E), persons sentenced for nondrug severity levels 5 and 6 crimes, drug severity level 3 crimes committed on or after

6

July 1, 1993, but prior to July 1, 2012, and drug severity level 4 crimes committed on or after July 1, 2012, must serve 24 months on postrelease supervision.

. . . .

"(D) Persons sentenced to a term of imprisonment that includes a sentence for a sexually violent crime as defined in K.S.A. 22-3717, and amendments thereto, a sexually motivated crime in which the offender has been ordered to register pursuant to subsection (d)(1)(D)(vii) of K.S.A. 22-3717, and amendments thereto, electronic solicitation, K.S.A. 21-3523, prior to its repeal, or K.S.A. 2015 Supp. 21-5509, and amendments thereto, or unlawful sexual relations, K.S.A. 21-3520, prior to its repeal, or K.S.A. 2015 Supp. 21-5512, and amendments thereto, shall serve the period of postrelease supervision as provided in subsections (d)(1)(A), (d)(1)(B) or (d)(1)(C) plus the amount of good time and program credit earned and retained pursuant to K.S.A. 21-4722, prior to its repeal, or K.S.A. 2015 Supp. 21-6821, and amendments thereto, on postrelease supervision.

. . . .

"(G) Except as provided in subsection (u), persons convicted of a sexually violent crime committed on or after July 1, 2006, and who are released from prison, shall be released to a mandatory period of postrelease supervision for the duration of the person's natural life."

Based on the language of subparagraphs (D) and (G), Combs is correct that both outline what term of postrelease supervision persons who have committed a sexually violent crime will receive. Moreover, assuming arguendo that Combs' severity level 5 sexual exploitation of a child conviction fell under the scope of subsection (D), Combs is correct in that he would be sentenced to a base term of 24 months' postrelease supervision. This is because sexually violent offenders who fall under the scope of subparagraph (D) and have committed a severity level 5 crime are referred to subsection (d)(1)(B) for their postrelease supervision sentence, and subsection (d)(1)(B) states that "persons sentenced for nondrug severity levels 5 or 6 crimes . . . must serve 24 months on postrelease supervision." Then, under subparagraph (D), any good time or program credit Combs has received would have to be added to Combs' base term of 24 months' postrelease supervision.

7

Nevertheless, since the parties have filed their briefs, this court has thoroughly examined and rejected Combs' arguments in *State v. Herrmann*, 53 Kan. App. 2d 147, 384 P.3d 1019 (2016). In *Herrmann*, Herrmann made two arguments. First, Herrmann "argue[d] the 2013 amendments to K.S.A. 22-3717(d)(1)(D) retroactively eliminate[d] the mandatory nature of lifetime postrelease supervision in K.S.A. 22-3717(d)(1)(G) for a person convicted of a sexually violent crime by giving the court an option to impose a term of months based on the severity level of the sexually violent crime of conviction." 53 Kan. App. 2d at 148. In the alternative, Herrmann argued that the amended subparagraph (D) directly conflicted with subparagraph (G) because (D) required persons convicted of sexually violent crimes to serve a term of months on postrelease supervision while subparagraph (G) required persons convicted of sexually violent crimes to serve a term of life on postrelease supervision. *Herrmann*, 53 Kan. App. 2d at 148. Because Herrmann believed that the subparagraphs conflicted and were ambiguous, Herrmann asserted that courts must sentence persons convicted of sexually violent crimes under subparagraph (D)'s less serve penalty based on the rule of lenity. *Herrmann*, 53 Kan. App. 2d at 148.

This court rejected Herrmann's first argument for the following reason:

"We find the plain language of the statute clearly decides the issue presented. Subsection (d)(1) explains that persons sentenced for crimes committed after July 1, 1993, will not be eligible for parole; instead, they will be subject to mandatory postrelease supervision as provided in the subparagraphs that follow. Notably, however, this subsection (d)(1) expressly states that the mandatory postrelease supervision provided in the subparagraphs that follow *do not apply* to 'persons subject to subparagraph (G).' Subparagraph (G) provides that 'persons convicted of a sexually violent crime committed on or after July 1, 2006, and who are released from prison, shall be released to a mandatory period of postrelease supervision for the duration of the person's natural life.' Herrmann was convicted of attempted aggravated indecent liberties with a child, which is a sexually violent crime under subsection (d)(5)(C) and (d)(5)(M). His conviction occurred after July 1, 2006. Because Herrmann is subject to subparagraph (G), no other subparagraph

8

following subsection (d)(1) applies to him—including subparagraph (D)." *Herrmann*, 53 Kan. App. 2d at 152.

Then, this court rejected Herrmann's second argument for the following reason:

"The provisions in each subparagraph apply to a distinct class of persons. K.S.A. 22-3717 as a whole applies to all persons convicted of a crime after July 1, 1993. See L. 1992, ch. 239, sec. 270 ('Persons sentenced for crimes committed on or after July 1, 1993, will not be eligible for parole, but will be released to a mandatory period of postrelease supervision upon completion of the prison portion of their sentence.'). Subparagraph (G) was added to the statute in 2006 to create an explicit exception applicable only for 'persons convicted of a sexually violent crime committed on or after July 1, 2006.' See L. 2006, ch. 212, sec. 19 (also adding language to [d][1] excepting 'persons subject to subparagraph [G]'). Reading subparagraph (D) in pari materia, it falls under subsection (d)(1) and so applies to all persons but those expressly excluded: persons sentenced for off-grid crimes committed on or after July 1, 1993, and persons committing a sexually violent crime on or after July 1, 2006, as stated in subparagraph (G). Therefore, subparagraph (D) only applies to persons convicted of a sexually violent crime after July 1, 1993, but before July 1, 2006. Thus, there are no persons convicted of a sexually violent crime to whom both subparagraph (D) and subparagraph (G) apply. Construing the statute as a whole and giving effect to all of the statutes, as this court must, there is no conflict or ambiguity in amended subsection (d)(1)." *Herrmann*, 53 Kan. App. 2d at 153.

The *Herrmann* court further noted that the legislative history of the 2013 amendments established that the legislature never intended for K.S.A. 22-3717(d)(1)(D) and (G) to conflict. 53 Kan. App. 2d at 153-54. Instead, the legislative history revealed that subparagraph (D) was amended to exclude some offenders, including violent sex offenders who committed their offenses after July 1, 1993, but before July 1, 2006, from receiving the benefit of not having good time or program credit earned added to the term they must serve on postrelease supervision as other offenders would have been entitled to under K.S.A. 2015 Supp. 22-3717(d)(1)(A)-(C). *Herrmann*, 53 Kan. App. 2d at 154. Last, the *Herrmann* court noted that "[b]ecause subparagraph (D) [did] not apply to

9

[Herrmann], there [was] no need to determine whether the amended provision would apply retroactively to his case." 53 Kan. App. 2d at 154.

Turning our focus back to this case, we note that Combs argues that the postrelease supervision provisions in K.S.A. 2015 Supp. 22-3717(d)(1)(D) and (G) directly conflict, that courts must apply the less severe postrelease supervision term under subparagraph (D) based on the rule of lenity, and that subparagraph (D) applies retroactively. Accordingly, Combs makes the same arguments that this court rejected in *Herrmann* because the arguments ignored that subsection (d)(1) provides that the mandatory postrelease supervision terms outlined in subparagraphs (A)-(D) do not apply to "persons subject to subparagraph (G)" and that subparagraph (D) applies only to persons convicted of sexually violent crimes committed after July 1, 1993, but before July 1, 2006. 53 Kan. App. 2d at 152.

Although the parties in this case have not addressed *Herrmann* in their briefs or filed letters of supplemental authority under Supreme Court Rule 6.09(b)(1)(C) (2015 Kan. Ct. R. Annot. 53), the reasoning in *Herrmann* is still applicable to Combs' identical arguments. In short, because Combs is a person who committed a sexually violent crime after July 1, 2006, the only subparagraph of K.S.A. 2015 Supp. 22-3717(d)(1) that could possibly apply to him is subparagraph (G). In consequence, because subparagraph (D) cannot apply to Combs, this court need not address Combs' retroactivity argument. As a result, this court adopts the reasoning in *Herrmann* and affirms the trial court's imposition of lifetime postrelease supervision. See also *State v. Fishback*, No. 114,797, 2016 WL 7031848, at *1 (Kan. App. 2016) (unpublished opinion); *State v. Rothstein*, No. 114,749, 2016 WL 7031921, at *2 (Kan. App. 2016) (unpublished opinion); *State v. Hill*, No. 115,041, 2016 WL 6919609, at *1 (Kan. App. 2016) (unpublished opinion); *State v. Ramsey*, No. 114,795, 2016 WL 6925994, at *1 (Kan. App. 2016) (unpublished opinion) (where this court adopted the reasoning in *Herrmann* to reject identical arguments).

10

Affirmed.