NOT DESIGNATED FOR PUBLICATION

No. 115,807

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LEROY THOMAS, JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed May 26, 2017. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., MALONE and POWELL, JJ.

*Per Curiam*:  Leroy Thomas, Jr., appeals the district court's decision granting the State's motion to correct illegal sentence. Thomas argues that the district court erred in modifying his postrelease supervision term from 36 months to lifetime. For the reasons stated herein, we affirm the district court's judgment.

On May 8, 2007, Thomas pled no contest to one count of aggravated indecent liberties with a child for a crime committed on August 27, 2006. In exchange for Thomas' plea, the State agreed to recommend a departure sentence of 150 months in prison. The

1

plea agreement contained no provisions concerning the term of postrelease supervision. On June 19, 2007, the district court granted the agreed-upon departure and sentenced Thomas to 150 months in prison, followed by 36 months' postrelease supervision.

On February 5, 2016, the State filed a motion to correct illegal sentence. The State argued that the district court, relying on an incorrect presentence investigation report, mistakenly imposed 36 months' postrelease supervision when it was required by law to impose lifetime supervision. Thomas' counsel filed a motion for postrelease departure findings arguing that Thomas was opposed to the resentencing, that the imposition of lifetime postrelease supervision constituted cruel and unusual punishment, and that the court should depart and grant Thomas a lesser term of postrelease supervision.

On February 26, 2016, the district court held a hearing on the parties' motions. A transcript of the hearing is not included in the record on appeal. According to the journal entry, the district court granted the State's motion to correct illegal sentence and denied Thomas' motion for postrelease departure findings. The district court resentenced Thomas and imposed lifetime postrelease supervision. Thomas timely appealed.

On appeal, Thomas claims the district court erred in granting the State's motion to correct illegal sentence. Specifically, Thomas argues that the sentence originally imposed by the district court was a legal departure sentence. He also argues that even if the original sentence was illegal, the district court was "powerless to modify that sentence to impose a harsher sentence." Thomas makes no claim on appeal that the imposition of lifetime postrelease supervision for his conviction constitutes cruel and unusual punishment. An issue not briefed by the appellant is deemed waived or abandoned. *State v. Williams*, 303 Kan. 750, 758, 368 P.3d 1065 (2016).

The State asserts that the district court did not err in correcting Thomas' original postrelease supervision period from 36 months to lifetime supervision. Specifically, the

2

State argues that K.S.A. 2016 Supp. 22-3717 provides for lifetime postrelease supervision for persons convicted of sexually violent crimes. The State contends that Thomas' original sentence of 36 months' postrelease supervision was illegal and the district court was permitted to correct the sentence at any time.

Pursuant to K.S.A. 22-3504(1), the court may correct an illegal sentence at any time. An "illegal sentence," as contemplated by K.S.A. 22-3504(1), is a sentence imposed by the court without jurisdiction; a sentence that does not conform to the statutory provision, either in the character or the term of authorized punishment; or a sentence that is ambiguous with respect to the time and manner in which it is to be served. *State v. Gray*, 303 Kan. 1011, 1014, 368 P.3d 1113 (2016). Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which an appellate court has unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016).

*State v. Ballard*, 289 Kan. 1000, 218 P.3d 432 (2009), is directly on point and controls the outcome of this appeal. In that case, Ballard was convicted of aggravated indecent liberties with a child and received an original sentence that included 36 months' postrelease supervision. Two weeks later, the district court conducted another hearing and corrected Ballard's postrelease supervision term from 36 months to lifetime. On appeal, Ballard argued that the district court erred in changing his original postrelease supervision term from 36 months to lifetime supervision because, according to Ballard, the district court had imposed a legal sentence at the initial hearing and it did not have authority to increase that sentence 2 weeks later.

Our Supreme Court rejected Ballard's claim and pointed out that K.S.A. 2006 Supp. 22-3717(d)(1)(G) mandates lifetime postrelease supervision for sexually violent crimes committed on or after July 1, 2006. 289 Kan. at 1011. Thus, the court reasoned that Ballard's initial 36-month postrelease supervision term did not conform to the

statutory provision in the term of authorized punishment and constituted an illegal sentence that could be corrected at any time. 289 Kan. at 1011-12.

Here, Thomas was convicted of aggravated indecent liberties with a child for a crime committed on August 27, 2006. Pursuant to K.S.A. 2016 Supp. 22-3717(d)(1)(G), the district court was required to impose lifetime postrelease supervision. The district court had no discretion or authority to depart downward and grant 36 months' postrelease supervision. Thomas' original sentence of 36 months' postrelease supervision did not conform to the statutory provision in the term of authorized punishment and constituted an illegal sentence that could be corrected at any time pursuant to K.S.A. 22-3504(1). Thus, the district court did not err in correcting Thomas' postrelease supervision term from 36 months to lifetime.

Affirmed.