NOT DESIGNATED FOR PUBLICATION

No. 116,341

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRANDON KEITH JORDAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; PATRICK H. THOMPSON, judge. Opinion filed September 8, 2017. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Brock R. Abbey*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., PIERRON and BRUNS, JJ.

PER CURIAM: Brandon Keith Jordan received a conviction in Saline County for possession of methamphetamine. The Saline County district court ordered that his sentence in this case run consecutive to a sentence Jordan received in Jackson County. On appeal, Jordan argues that the Jackson County sentence was illegal and, as a result, the sentence in this case is also illegal. However, we find nothing to indicate that any court has found the Jackson County sentence to be illegal and that sentence is not before us. Nevertheless, we do not find Jordan's sentence in Saline County to be illegal. Thus, we affirm Jordan's sentence in this case.

1

On February 6, 2014, Jordan was stopped for driving without a seatbelt. Upon confirming that Jordan was driving on a suspended driver's license, a police officer arrested and searched him. During the search, the officer found a plastic baggie containing methamphetamine. Moreover, Jordan told the officer that he had and the other occupants in his vehicle had just purchased methamphetamine. While performing a consensual search of the vehicle, police officers found additional methamphetamine and drug paraphernalia.

On February 10, 2014, the State charged Jordan with five criminal counts:

(1) unlawful possession of a controlled substance, methamphetamine, in violation of K.S.A. 2016 Supp. 21-5706(a), a drug severity level 5 felony;

(2) no drug tax stamp, in violation of K.S.A. 79-5204, a nondrug severity level 10 nonperson felony;

(3) possession of drug paraphernalia, in violation of K.S.A. 2016 Supp. 21-5709(b)(2), a class A nonperson misdemeanor;

(4) driving while license canceled, suspended, or revoked, in violation of K.S.A. 2016 Supp. 8-262(a)(1), a class B nonperson misdemeanor; and

(5) failure to wear a seatbelt, in violation of K.S.A. 2013 Supp. 8-2503, an unclassified misdemeanor.

After almost a year, Jordan entered into a plea agreement in this case. The plea agreement also addressed charges in an unrelated Saline County case. At his plea hearing, Jordan pled guilty to possession of methamphetamine and the State dismissed the other charges. After an extensive colloquy, the district court accepted Jordan's plea and found him to be guilty.

Jordan subsequently filed a motion for departure and requested that his sentence in this case run concurrent with a sentence he had received in Jackson County. Evidently, while Jordan was awaiting trial in this case, Jackson County convicted him of multiple crimes including theft, forgery, and possession of methamphetamine. It is important to note that the Jackson County case is not before us on appeal.

At his sentencing hearing, the district court denied Jordan's motion for departure and sentenced him to 20 months of prison, followed by 12 months of postrelease supervision. The district court also ordered the sentence in this case to run consecutive to the sentence in the Jackson County case. Thereafter, Jordan timely filed this appeal.

ANALYSIS

On appeal, Jordan contends that his Saline County sentence is illegal because it ordered the sentence to run consecutive to a potentially illegal sentence in a Jackson County case. A court may correct an illegal sentence at any time. K.S.A. 22-3504(1); see *State v. Fisher*, 304 Kan. 242, 264, 373 P.3d 781 (2016). Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which the appellate court has unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016).

An "illegal sentence," as contemplated by K.S.A. 22-3504(l), includes:

"(1) [A] sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in the character or the term of the authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served." *State v. Gray*, 303 Kan. 1011, 1014, 368 P.3d 1113 (2016).

Jordan argues that a district court cannot order a defendant to serve a consecutive sentence when the other sentence is not final. Perhaps that is a valid argument in the

3

Jackson County case, but it does not resolve the issue before us in *this* case. Here, we find that Saline County had jurisdiction to sentence Jordan as it did. Likewise, the sentence rendered in Saline County conformed to the applicable statutory provisions. Furthermore, the sentence rendered in Saline County is not ambiguous with respect to the time and manner in which Jordan is to serve it. Accordingly, we find nothing illegal about the sentence rendered in Saline County, and the issue of whether the Jackson County sentence is illegal is not before us in this appeal.

Affirmed.