NOT DESIGNATED FOR PUBLICATION

Nos. 117,053
117,054
117,055
117,056

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TRENTON J. VOSS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Jackson District Court; NORBERT C. MAREK, JR, judge. Opinion filed November 17, 2017. Affirmed in part and dismissed in part.

Submitted for summary disposition pursuant K.S.A. 2016 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., MALONE and POWELL, JJ.

PER CURIAM: Trenton J. Voss appeals his sentence from four separate convictions which have been consolidated on appeal: case No. 16CR238 (Case 1), case No. 16CR239 (Case 2), case No. 16CR243 (Case 3), and case No. 16CR 252 (Case 4). We granted Voss' motion for summary disposition in lieu of briefs under Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48).

1

In Case 1, Voss pled no contest to one count of burglary of a vehicle, a level 9 nonperson felony, which based on his criminal history score of C, placed him in the sentencing grid box range between 11 and 13 months' imprisonment.

In Case 2, Voss pled no contest to one count of theft, a level 9 nonperson felony, which based on his criminal history, placed him in the sentencing grid box range between 11 and 13 months' imprisonment.

In Case 3, Voss pled no contest to one count of burglary of a nondwelling, a severity level 7 nonperson felony, which based on his criminal history, placed him in the sentencing grid box range between 25 and 29 months' imprisonment.

In Case 4, Voss pled no contest to one count of theft, a severity level 9 nonperson felony, which based on his criminal history, placed him in the sentencing grid box range between 11 and 13 months' imprisonment.

At sentencing, Voss requested concurrent sentencing on the separate cases. The court denied the request sentencing Voss to consecutive sentences of 13 months in Case 1, 13 months in Case 2, 29 months in Case 3, and 13 months in Case 4, for a controlling term of 68 months.

Voss then argued that his sentence was illegal, alleging that the sentence violated K.S.A. 2016 Supp. 21-6819 because his controlling sentence was more than double his base sentence. The district court denied Voss' motion, finding that K.S.A. 2016 Supp. 21-6819 did not apply because the cases here involved sentences in separate cases. Voss appeals, arguing that the district court abused its discretion in imposing consecutive sentences and erred in denying his motion.

*The district court did not err by denying Voss' motion to correct an illegal sentence.*

Whether a sentence is illegal under K.S.A. 22-3504 is a question of law over which this court has unlimited review. *State v. Gray*, 303 Kan. 1011, 1013-14, 368 P.3d 1113 (2016).

An "illegal sentence," as contemplated by K.S.A. 22-3504(1), is "'(1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in the character or the term of the authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served.'" *Gray*, 303 Kan. at 1014.

In this case, Voss argues that his sentence was illegal because it did not conform to applicable statutory provisions. Voss' argument is unpersuasive.

The district court did not err in denying Voss' motion because K.S.A. 2016 Supp. 22-6819 does not apply to situations where a defendant is sentenced for one crime per case in multiple separate cases. See *State v. McCurry*, 279 Kan. 118, Syl. ¶ 2, 105 P.3d 1247 (2005) (holding that "the double rule, which limits the total prison sentence imposed in a case involving multiple convictions arising from multiple counts to a number of months not to exceed twice the base sentence, applies to those cases where the multiple convictions arise from multiple counts within an information, complaint, or indictment"). It makes no difference if the cases "occurred in a narrow time frame." Each case involved a different event and circumstances even though they all occurred on the same date. Each had different victims and were at different locations.

*This court does not have jurisdiction to consider whether the district court abused its discretion by imposing consecutive sentences.*

"'"[G]enerally, it is within the trial court's sound discretion to determine whether a sentence should run concurrent with or consecutive to another sentence."' In fact, this principle of a judge's discretion is so entrenched that the legislature determined a defendant cannot raise the issue of whether imposing consecutive sentences is an abuse of discretion if the sentence is imposed under the Kansas Sentencing Guidelines Act (KSGA). [Citations omitted.]" *State v. Mosher*, 299 Kan. 1, 2-3, 319 P.3d 1253 (2014).

The district judge clearly considered Voss' request for consecutive sentences based on his long-term addiction to methamphetamine. And even though we would have no trouble finding that the district judge's decision was not arbitrary, fanciful, or unreasonable given the facts of the various cases and Voss' prior criminal history, this court does not have jurisdiction to consider whether the district court abused its discretion in imposing consecutive sentences because each sentence was within the presumptive sentence range. See 299 Kan. at 2-3; *State v. Gant*, 288 Kan. 76, 81-82, 201 P.3d 673 (2009) (defining abuse of discretion).

Affirmed in part and dismissed in part.