NOT DESIGNATED FOR PUBLICATION

Nos. 118,685
118,686

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SETH M. DUQUE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TERRY L. PULLMAN, judge. Opinion filed December 7, 2018. Affirmed.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., LEBEN and BRUNS, JJ.

PER CURIAM:  In this consolidated appeal, Seth M. Duque appeals from the district court's summary denial of his motion to correct illegal sentences in two criminal cases. Duque argues that the district court unreasonably delayed his sentencing so that he could be sentenced in both cases at the same time. Based on our review of the record, we find that Duque agreed—as part of a plea agreement—to the sentence in his second case running consecutive to his sentence in the first case. We do not find that the procedure followed by the district court resulted in prejudice. Thus, we affirm.

1

In November 2009, the State charged Duque with felony theft and with fleeing or attempting to elude a law enforcement officer in Sedgwick County Case No. 09CR3333. In February 2010—while he was released on bond—Duque pled guilty to both charges. Although the district court scheduled Duque's sentencing for March 30, 2010, he failed to appear.

In April 2010, the State charged Duque with twelve new crimes in Sedgwick County Case No. 10CR1149. The State subsequently filed an amended information in which it charged Duque with eleven crimes—one count each of felony theft, leaving the scene of an accident, attempted theft, robbery, and burglary, and two counts each of misdemeanor theft, aggravated burglary, and kidnapping. On May 11, 2011, Duque pled guilty to some of the charges and entered a *Brady* plea as to the others. See *State v. Taylor*, 266 Kan. 967, 979, 975 P.2d 1196 (1999) (A *Brady* plea is a guilty plea that is "motivated by a desire to avoid the death penalty or to obtain a lesser sentence."). As part of the plea agreement, Duque agreed that his sentence in Case No. 10CR1149 should run consecutive to any sentence he received in Case No. 09CR3333.

Seven days after entering his plea in Case No. 10CR1149, Duque filed a motion to withdraw his plea in Case No. 09CR3333. At a hearing on his motion to withdraw plea, the State informed the district court that it had delayed sentencing in Case No. 09CR3333 until Case No. 10CR1149 could be resolved. On November 1, 2011, the district court denied Duque's motion to withdraw plea in Case No. 09CR3333.

The district court sentenced Duque in both cases on November 30, 2011. In Case No. 09CR3333, the district court sentenced Duque to concurrent sentences of 15 months' imprisonment for fleeing or attempting to elude an officer and five months' imprisonment for theft. In Case No. 10CR1149, the district court sentenced Duque to 216 months'

imprisonment for the kidnapping charge and ran all other sentences in that case concurrently. The district court ordered the sentences in the two cases to run consecutive to each other for a controlling prison sentence of 231 months.

Nearly six years later, in August 2017, Duque filed a motion to correct an illegal sentence pursuant to K.S.A. 2017 Supp. 22-3504. He argued that his sentence was illegal because the district court unreasonably delayed sentencing in Case No. 10CR1149 so that it could run the sentence consecutive to his sentence in Case No. 09CR3333. The district court summarily denied Duque's motion. Thereafter, Duque filed a timely notice of appeal.

ANALYSIS

On appeal, Duque contends that his sentence in Case No. 10CR1149 is illegal because it was unreasonably delayed. He asserts that the district court delayed sentencing in Case No. 10CR1149 so that it could run the sentence in that case consecutive to the sentence in Case No. 09CR3333. Duque argues that this constitutes an unreasonable delay and renders his sentence illegal.

An "illegal sentence" under K.S.A. 2017 Supp. 22-3504(1) is "(1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in the character or the term of the authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served." See *State v. Gray*, 303 Kan. 1011, 1014, 368 P.3d 1113 (2016). Whether a sentence is illegal within the meaning of K.S.A. 2017 Supp. 22-3504 is a question of law over which we have unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016). Likewise, when a district court summarily denies a motion to correct illegal sentence, we apply a de novo standard of review. This is because an

appellate court has the same access to the motion, records, and files as the district court. *Gray*, 303 Kan. at 1013-14.

In support of his argument, Duque cites K.S.A. 2017 Supp. 22-3424(c). This statute provides that once a person is found guilty, the sentence must be "pronounced without unreasonable delay, allowing adequate time for the filing and disposition of post-trial motions and for completion of such presentence investigation as the court may require." K.S.A. 2017 Supp. 22-3424(c). In *State v. Cody*, No. 98,279, 2008 WL 2571832, at *2 (Kan. App. 2008) (unpublished opinion), a panel of our court concluded "that the application of K.S.A. 22-3424(c) requires us to determine (1) whether the sentencing delay was inadvertent, (2) whether the defendant suffered prejudice by the delay, and (3) whether the defendant consented to the delay by failing to demand sentencing." In reaching this conclusion, the *Cody* panel was guided by *State v. Osbey*, 238 Kan. 280, 710 P.2d 676 (1985), and *State v. Campbell*, 273 Kan. 414, 44 P.3d 349 (2002).

In *Osbey*, the defendant was convicted of murder and unlawful possession of a firearm. The district court sentenced the defendant for the murder count but neglected to sentence her for the unlawful possession of a firearm count. Six months later, the State moved to correct an illegal sentence and the district court imposed a sentence for unlawful possession of a firearm. On appeal, the defendant argued that she suffered prejudice by the delay in sentencing. However, our Supreme Court found her argument unpersuasive, holding that "[t]he failure of the judge to state the term of the sentence the defendant was required to serve in count two was inadvertent and not prejudicial to the defendant." 238 Kan. at 288.

In *Campbell*, the defendant entered into a plea agreement. Based on his plea, he was convicted of multiple crimes. As part of his plea agreement, the defendant agreed to testify on behalf of the prosecution in another proceeding. Although the district court

4

sentenced the defendant for two of his convictions, it withheld sentencing on the remaining convictions to ensure that the defendant would uphold his agreement with the State. The defendant refused to testify in the other proceeding, which concluded over three years after his first sentencing hearing. Thereafter, the district court sentenced the defendant on the remaining convictions.

On appeal, the defendant in *Campbell* argued that his sentence was illegal due to unreasonable delay. The Kansas Supreme Court disagreed, holding that the defendant "could have demanded to be sentenced on these additional counts at the first sentencing, and his failure to do so constituted consent to the delay." 273 Kan. at 424. Additionally, our Supreme Court noted that the defendant "agreed to the delay in imposing his sentence, and he received nothing more than what he had bargained for in entering into the sentencing agreement." 273 Kan. at 424.

Here, the delay in sentencing Duque was intentional. However, that does not necessarily render the sentence illegal. The delay in *Campbell* was also intentional, but that did not mean the delay was unreasonable. As in *Campbell*, Duque failed to request sentencing at an earlier time. Instead, a review of the record reflects that Duque agreed—as part of his plea agreement—that his sentence in Case No. 10CR1149 should run consecutive to his sentence in Case No. 09CR3333. Accordingly, like the defendant in *Campbell*, Duque received the benefit of his bargain.

We, therefore, conclude that Duque was not prejudiced by the timing of his sentencing or by the procedure used by the district court. Consequently, Duque's sentence is not illegal and the district court did not err in summarily denying his motion to correct illegal sentence.

Affirmed.

5