No. 106,056

STATE OF KANSAS, *Appellee*, v. TIMOTHY L. FLOYD, *Appellant*.

(294 P.3d 318)

Opinion filed February 15, 2013.

*Ryan Eddinger*, of Kansas Appellate Defender Office, was on the brief for appellant.

*Chadwick J. Taylor*, district attorney, *Natalie Chalmers*, assistant district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

BILES, J.: Timothy L. Floyd directly appeals his hard 25 life-imprisonment sentence for Jessica's Law crimes. After pleading guilty to 26 counts of sexual exploitation of a child, he filed a downward durational departure motion, asking the sentencing court to depart from the presumptive prison term based on seven mitigating factors. The district court denied the motion after finding those factors were not substantial and compelling. Floyd now appeals the denial of his motion, adding to his appeal an unpreserved argument concerning cruel and/or unusual punishment. With the exception of vacating a portion of Floyd's sentence imposing lifetime post-release supervision, we affirm his hard 25 life sentence.

## FACTUAL AND PROCEDURAL BACKGROUND

Floyd pled guilty to 26 counts of sexual exploitation of a child in violation of K.S.A. 21-3516(a)(5). His plea was based on his actions of having videos of a sexual nature, which included some focusing on his 5-year-old niece's genitalia as well as showing other children engaging in oral and anal sex with adult men and animals. In total, Floyd possessed approximately 750 videos and thousands of still images of child pornography.

Before sentencing, Floyd filed a downward durational and/or dispositional departure motion, asking the court to depart from the presumptive prison term because he: (1) had no criminal history; (2) showed remorse for his actions and his family supports rehabilitation and welcomes him home; (3) was the financial backbone of his family, providing for his wife and children; (4) was suffering emotional problems and engaging in drug abuse when his crimes occurred, but wanted to change his course in life and complete treatment; (5) was father to a young son and hoped to be part of his life growing up; (6) was honorably discharged from the United States Air Force; and (7) was released from jail shortly after being arrested but "did not try to avoid further arrest and incarcerations."

The district court considered each mitigating factor at the sentencing hearing and denied the motion. The court found the reasons were not substantial and compelling, individually or collectively, to justify departure. Floyd was sentenced to a hard 25 life-imprisonment sentence, but the court did use the mitigating

factors listed in the departure motion to order the sentences to run concurrently rather than consecutively. Floyd filed a timely notice of appeal. This court's jurisdiction is proper under K.S.A. 22-3601(b)(1) (off-grid crime; life sentence).

## DEPARTURE MOTION

Floyd claims the district court erred in denying his departure motion because he presented substantial and compelling factors supporting a departure from the presumptive life sentence. This court employs an abuse of discretion standard when reviewing a district court's decision on a departure motion. *State v. Baptist*, 294 Kan. 728, 735, 280 P.3d 210 (2012). Abuse of discretion occurs when judicial action:

" '(1) is arbitrary, fanciful, or unreasonable, *i.e.*, if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law, *i.e.*, if the discretion is guided by an erroneous legal conclusion; or (3) is based on an error of fact, *i.e.*, if substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based.' " *Baptist*, 294 Kan. at 735 (quoting *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 [2011], *cert. denied* 132 S. Ct. 1594 (2012).

The district court is required only to state on the record substantial and compelling reasons if it decides to grant a departure. *Baptist*, 294 Kan. at 735 (citing K.S.A. 21-4643[d]).

Convictions for sexual exploitation of a child trigger a minimum 25-year life sentence imposed by Jessica's Law, codified by statute under K.S.A. 21-4643(a)(1)(F). For first time offenders, a sentencing court must impose the life sentence "unless the judge finds substantial and compelling reasons, following a review of mitigating circumstances, to impose a departure." K.S.A. 21-4643(d).

Mitigating circumstances a sentencing court may consider include, but are not limited to: (1) the defendant's lack of significant criminal history; (2) whether the crime was committed while the defendant was under the influence of extreme mental or emotional disturbances; (3) whether the victim was an accomplice in the crime committed by another person, and the defendant's participation was relatively minor; (4) whether the defendant acted under extreme distress or under the substantial domination of another

person; (5) the capacity of the defendant to appreciate the criminality of the defendant's conduct or to conform the defendant's conduct to the requirements of law was substantially impaired; and (6) the age of the defendant at the time of the crime. K.S.A. 21-4643(d)(1).

Whether a mitigating factor is " 'substantial' " depends on whether it is " 'something that is real, not imagined; something with substance and not ephemeral,' while . . . ' "compelling" implies the court is forced, by the facts of a case, to leave the status quo or go beyond what is ordinary.' " *State v. Seward*, 289 Kan. 715, 722, 217 P.3d 443 (2011) (quoting *State v. McKay*, 271 Kan. 725, 728, 26 P.3d 58 [2001]). But mitigating circumstances do not per se constitute substantial and compelling reasons for departure. *State v. Ortega-Cadelan*, 287 Kan. 157, 165, 194 P.3d 1195 (2008).

The district court considered each factor in Floyd's motion and found they were not substantial and compelling either individually or collectively. It said that while Floyd was not himself involved with sexually abusing the children depicted in the pornography found in his possession, "it is indicated that he knowingly and willingly took part in allowing and promoting a terrible industry that involves such brutality. It is reprehensible. It is unspeakable. Our most innocent and vulnerable are victimized by such an industry. Our children look to adults for protection and nurture, not this."

But the district court did consider the mitigating factors in Floyd's departure motion in its decision ordering the sentences to run concurrently rather than consecutively.

Floyd argues on appeal the circumstances he listed were substantial and compelling, particularly the factor that he voluntarily returned to custody for sentencing after being inadvertently released from jail. He also claims he expressed remorse and a desire for rehabilitation and notes the district court heard testimony from a defense expert who testified Floyd was not an extreme recidivism risk and was amenable to treatment. He argues the factors as a whole were substantial and compelling reasons to depart and that the district court erred in disregarding the unique features of his case. The State responds that Floyd had in his possession a number of items it characterized as "morally reprehensible child pornog-

raphy" and that none of Floyd's listed mitigating factors are sufficient to overcome the "appalling and unconscionable nature of his actions."

This court has previously considered nearly all of the mitigating factors Floyd offers. See, *e.g.*, *State v. Mendoza*, 292 Kan. 933, 935-36, 258 P.3d 383 (2011) (no abuse of discretion denying motion based on defendant's duty to support his family); *State v. Plotner*, 290 Kan. 774, 780-81, 235 P.3d 417 (2010) (no abuse of discretion when district court denied departure based in part on defendant taking responsibility and showed deep remorse); *State v. Trevino*, 290 Kan. 317, 322-23, 227 P.3d 951 (2010) (no abuse of discretion in denying departure even though defendant had little criminal history); *State v. Robison*, 290 Kan. 51, 55-57, 222 P.3d 500 (2010) (no abuse of discretion even though defendant had insubstantial criminal history, accepted responsibility, and demonstrated remorse); *State v. Spotts*, 288 Kan. 650, 655, 206 P.3d 510 (2009) (defendant taking antidepressants; prescription anger, stress, and sleeping medications; and " 'just wasn't thinking right' " not substantial reason for departure); *State v. Gilliland*, No. 100,802, 2010 WL 1379182, at *3 (Kan. 2010) (unpublished opinion) (defendant's age among others not substantial reason to depart).

There are three factors Floyd lists that are unique to his particular case: he was a father to a young son and hoped to be part of his life; he received honorable discharge from the United States Air Force; and he was released from jail shortly after being arrested but "did not try to avoid further arrest and incarcerations." But reversal is not warranted for these circumstances based upon our standard of review.

The preliminary hearing transcript strongly supports the State's argument and the district court's finding that the pornographic images found in Floyd's possession were numerous and "reprehensible." The district court's finding that Floyd's possession of these materials "indicated he knowingly and willingly took part in allowing and promoting a terrible industry" was not unreasonable, and reasonable people could agree with the district court's decision denying Floyd's departure motion. Accordingly, the district court did not abuse its discretion.

## LIFETIME POSTRELEASE SUPERVISION

Floyd next argues his lifetime postrelease supervision sentence violates the prohibitions against cruel and/or unusual punishment under the Eighth Amendment to the United States Constitution and § 9 of the Kansas Constitution Bill of Rights. He concedes defense counsel did not raise this issue at sentencing, and he does not argue an exception applies to the general rule that issues raised for the first time are not preserved for appeal. The State argues Floyd cannot raise this issue for the first time on appeal, but it volunteers that the court may avoid this question by addressing whether Floyd's sentence for lifetime postrelease supervision is illegal and should be vacated under our caselaw.

The State correctly maintains that this court has held it will not consider the cruel and/or unusual punishment argument for the first time on appeal because the district court must first consider the legal and factual argument in light of the three factors under *State v. Freeman*, 223 Kan. 362, 367, 574 P.2d 950 (1978), as stated in *State v. Roberts*, 293 Kan. 1093, 1096-97, 272 P.3d 24 (2012) (citing *State v. Sellers*, 292 Kan. 117, 131-32, 253 P.3d 20 [2011] [cruel and unusual punishment for postrelease supervision cannot be raised for the first time on appeal]; *State v. Oehlert*, 290 Kan. 189, 192-93, 224 P.3d 561 [2010] [same]).

The State also is correct that the postrelease lifetime supervision sentence imposed by the court is illegal because Floyd was subject to parole, not lifetime supervision, and recommends this court vacate that portion of Floyd's sentence. Floyd did not independently raise this argument, but an illegal sentence issue may be considered for the first time on appeal. See K.S.A. 22-3504(1) (court may correct an illegal sentence at any time).

A defendant sentenced to an off-grid indeterminate life sentence may leave prison only if the successor to the Kansas Parole Board grants parole. The sentencing court has no authority to order a term of lifetime postrelease supervision together with an off-grid indeterminate life sentence. *State v. Phillips*, 295 Kan. 929, Syl. ¶ 11, 287 P.3d 245 (2012). Floyd was sentenced to a hard 25, meaning no possibility of parole for 25 years. The portion of his sentence

ordering lifetime postrelease supervision should be vacated. See *State v. Summers*, 293 Kan. 819, 831-32, 272 P.3d 1 (2012) (lifetime postrelease supervision vacated when defendant sentenced to hard 25).

## HARD 25 SENTENCE

For his final issue, Floyd argues his mandatory minimum sentence of 25 years is cruel and/or unusual under the Eighth Amendment of the United States Constitution and § 9 of the Kansas Constitution Bill of Rights. And he again concedes trial counsel did not raise this issue at sentencing, but he raises the question to preserve it for federal review. The State again correctly notes the issue was not preserved and this court lacks the district court's crucial findings on the *Freeman* factors. This issue was not raised below, so it is not properly before this court on appeal. See *Roberts*, 293 Kan. at 1096-97 (discussing cases in which this court rejected identical life sentence argument for Jessica's Law cases on preservation grounds).

Affirmed in part and vacated in part.