NOT DESIGNATED FOR PUBLICATION

No. 112,395

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAVID L. RODRIGUEZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WILLIAM SIOUX WOOLLEY, judge. Opinion filed January 29, 2016. Affirmed.

*Christina M. Kerls*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., MCANANY and BUSER, JJ.

BUSER, J.:  David Rodriguez pled guilty to two off-grid felony counts of aggravated indecent liberties (K.S.A. 2012 Supp. 21-5506[b][3][A], [c][3]) with a 7-year-old child. In this appeal of Rodriguez' sentencing, he contends the district court abused its discretion when it denied his motion for a downward departure and imposed concurrent, presumptive life sentences without the chance of parole for 25 years (Hard 25 life sentences). Having carefully reviewed the record and the parties' briefs, we hold the district court did not abuse its discretion in denying Rodriguez' motion for downward departure sentences. Accordingly, we affirm the district court.

1

FACTUAL AND PROCEDURAL BACKGROUND

Rodriguez was originally charged with two counts of aggravated criminal sodomy. The underlying facts of Rodriguez' offenses are set forth in a law enforcement affidavit filed with the charging document. According to the affidavit, on May 8, 2013, S.H. had to work the night shift at the hospital, so she dropped off her 7-year-old son, G.H., to spend the night at the home of a babysitter, Rodriguez' daughter-in-law. When S.H. picked up her son the next morning, he told her that during the night Rodriguez touched his penis, put it in his mouth, and also put his own penis in G.H.'s anus. A subsequent medical evaluation revealed G.H. had a small anal tear.

After Rodriguez was charged and arrested, the State and defendant entered into a plea agreement. This agreement provided that Rodriguez would plead guilty to two amended counts of aggravated indecent liberties with a child. In return for the pleas, the State agreed not to oppose Rodriguez' motion to depart from the presumptive Hard 25 life sentences to a total anticipated sentence of 247 months. In support of this departure motion, both Rodriguez and the State noted the defendant's willingness to accept responsibility for the crimes and his desire to spare G.H. from having to testify. Notably, all parties openly acknowledged their understanding that the district court was not obligated to follow the plea agreement and grant a downward departure.

At sentencing, Rodriguez moved the district court to depart on each count, first from the presumptive Hard 25 life sentences down to the determinate sentencing guidelines grid and then to further depart downward to one-half of the standard presumptive sentences on the applicable grid. In support of his motion, Rodriguez cited the following mitigating circumstances:  his remorse and acceptance of responsibility for his crimes; his degree of cooperation; his poor health; his efforts to reduce any trauma or harm to G.H. by sparing him from having to testify in court; the age of his prior

2

convictions which caused him to be classified as a persistent sex offender; and the high level of supervision he would receive upon his release from prison.

The district court denied Rodriguez' motion for a downward departure to the guidelines. In denying the motion, the district court found that Rodriguez had "not met his burden of proof for a departure to the grid." The district court ordered the Hard 25 life sentences to run concurrently. Rodriguez filed a timely appeal.

## DENIAL OF THE MOTION FOR DOWNWARD DEPARTURE SENTENCES

Rodriguez appeals the district court's denial of his motion for departure sentences. He asserts the district court abused its discretion because there were several substantial and compelling reasons for departure: (1) Rodriguez' acceptance of responsibility; (2) his willingness to spare the complaining victim the trauma of testifying in court; (3) the age of his prior convictions; and (4) his poor health.

We review the district court's denial of Rodriguez' motion for downward departure sentences for an abuse of discretion. See *State v. Floyd*, 296 Kan. 685, 687, 294 P.3d 318 (2013). As a general precept, a district court abuses its discretion only if its ruling is based on an error of fact or law or we can deem its decision arbitrary, fanciful, or unreasonable. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). If no reasonable person would have taken the action of the district court, the judicial action constitutes an abuse of discretion. *Floyd*, 296 Kan. 687. As the party asserting error, however, Rodriguez bears the burden of establishing the abuse of discretion. See *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Preliminarily, it is necessary to review the sentencing laws applicable to this issue on appeal. When Rodriguez committed the sex crimes, K.S.A. 2012 Supp. 21-6627(a)(1)(C) directed (as it does today) that an offender convicted of aggravated

3

indecent liberties be sentenced to a presumptive Hard 25 life sentence. At issue in this appeal is an exception to the general rule found in subsection (d) of the statute. K.S.A. 2012 Supp. 21-6627(d) allows the sentencing court discretion to depart from a Hard 25 life sentence if the crime of conviction is the defendant's first conviction for any of the seven enumerated sexual offenses listed in subsection (a)(1) and the court finds "substantial and compelling reasons, following a review of mitigating circumstances," for ordering a departure.

The legislature has provided six enumerated mitigating circumstances that may merit a departure. See K.S.A. 2012 Supp. 21-6627(d). Although Rodriguez does not claim any of the six enumerated circumstances apply to his sentencing, the statutory list is not exclusive. Of note, the existence of one or more mitigating circumstances does not obligate the sentencing court to depart. *State v. Jolly*, 301 Kan. 313, 324, 342 P.3d 935 (2015).

In addition to Kansas statutory law, our Supreme Court has also provided guidance with regard to the meaning of two important terms used in the statute. Our courts have defined "substantial" to mean "'"something that is real, not imagined; something with substance and not ephemeral."'" *Jolly*, 301 Kan. at 323. On the other hand, the term "'"compelling,' implies that the court is forced, by the facts of a case, to leave the status quo or go beyond what is ordinary."' [Citations omitted.]" 301 Kan. at 323.

Recently, our Supreme Court clarified the appropriate analysis that a district court should employ in evaluating a defendant's motion for a departure from a Hard 25 life sentence:

> "[T]he district court first [must] review the mitigating circumstances without any attempt
> to weigh them against any aggravating circumstances. Then, in considering the facts of

4

the case, the court determines whether the mitigating circumstances rise to the level of substantial and compelling reasons to depart from the otherwise mandatory sentence. Finally, if substantial and compelling reasons are found for a departure to a sentence within the appropriate sentencing guidelines, the district court must state on the record those substantial and compelling reasons." 301 Kan. at 324.

Turning now to Rodriguez' arguments on appeal, he first suggests the district court committed a legal error because the court was *obligated* to grant his departure motion given the State's agreement that a departure was justified based on Rodriguez' acceptance of responsibility and his willingness to spare G.H. from testifying. But as Rodriguez openly acknowledged in the district court, the court was free to impose a sentence independent of any agreements or recommendations by the parties. See *State v. Boley*, 279 Kan. 989, 993, 113 P.3d 248 (2005). The district court was within its discretion to consider and reject the State's recommendations.

The crux of Rodriguez' appellate argument, however, is his contention that no reasonable person would have agreed with the district court's decision to deny the departure motion given the mitigating factors he asserted in support of the motion.

At the outset, it is apparent that by pleading guilty Rodriguez did accept responsibility for his criminal conduct and his pleas avoided the necessity of the child victim having to testify in court. These circumstances, while evidence of some mitigation, are not atypical in most criminal cases. Criminal defendants frequently accept a plea agreement early in the litigation process which results in some acceptance of responsibility and the avoidance of having a victim testify in court.

Rodriguez also argues that the district court erred in denying his departure motion given the age and nature of his prior convictions. Particularly, he points out that he was convicted in 1984 of the only prior felony scored as a person felony in his presentence

5

investigation report. He also points out that his other felony convictions were in 1987, 2003, and 2006.

Rodriguez suggests our decision in *State v. Heath*, 21 Kan. App. 2d 410, 901 P.2d 29 (1995), supports his position. In *Heath*, however, this court only generally recognized that "both the time elapsed between the last felony and the sentencing event and the similarity or relatedness of previous felonies and the sentencing event *may* be substantial and compelling reasons for departure." (Emphasis added.) 21 Kan. App. 2d at 415 (citing *State v. Richardson*, 20 Kan. App. 2d 932, 901 P.2d 1 [1995]). In other words, in *Heath*, we simply acknowledged that the discretion remains in the hands of the district court.

Rodriguez' focus on the *age* of his prior convictions wholly disregards the *subject matter* of his convictions. Rodriguez' 1984 conviction was for third-degree criminal sexual conduct committed in Michigan. His 2003 and 2006 convictions in Texas were for failing to register as a sex offender (which Rodriguez was apparently required to do for life as a result of the 1984 conviction). Given the subject matter of this criminal history, we are unable to say that the age of Rodriguez' prior convictions constituted a substantial and compelling reason for departure.

We also question Rodriguez' claim that health concerns (high blood pressure and gout) are mitigating circumstances in this case. Rodriguez did not testify at the sentencing, and there is no indication that his health conditions are so severe that they cannot be treated by medical authorities within the prison system.

As our Supreme Court recently pointed out in imposing a sentence:

"The sentencing judge is to consider information that reasonably might bear on the proper sentence for a particular defendant, given the crime committed, including the manner or way in which an offender carried out the crime. This includes those 'circumstances

6

inherent in the crime and the prescribed sentence.' [Citation omitted.] Provided the sentence imposed is within the statutory limits, '"[i]t is the sentencing judge alone who determines the appropriate sentence to be imposed or other disposition of the case by exercising his or her best judgment, common sense, and judicial discretion after considering all of the reports, the defendant's background, the facts of the case, and the public safety."' [Citations omitted.]" *Jolly*, 301 Kan. at 324.

We are persuaded that the non-statutory mitigating circumstances claimed by Rodriguez, considering the facts of the case, were not substantial or compelling reasons that the district court was required to depart from the presumptive Hard 25 life sentences. At the time of these serious sexual offenses against a young child, Rodriguez was already a registered sex offender. Although he bore the burden to prove an abuse of discretion, Rodriguez has not shown that no reasonable person would have taken the action of the district court. See *Floyd*, 296 Kan. at 687. Accordingly, we find no error in the district court's denial of Rodriguez' motion for departure sentences.

Affirmed.