NOT DESIGNATED FOR PUBLICATION

No. 113,536

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ISAAC J. LEWIS,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed May 20, 2016. Affirmed.

*Heather Cessna*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., STANDRIDGE and ATCHESON, JJ.

*Per Curiam:* Isaac J. Lewis contends the district court abused its discretion in denying his motion seeking a dispositional departure to probation and in using his prior convictions to calculate his sentence. We conclude the district court did not abuse its discretion in denying his motion for dispositional departure. Furthermore, the Kansas Supreme Court has already ruled that use of prior convictions in calculating a sentence does not violate a defendant's constitutional rights.

*Lewis pled guilty.*

On November 4, 2014, Lewis pled guilty to one count of possession of cocaine. The plea agreement set forth, in part, that the State would recommend at sentencing a low presumptive sentence to run consecutively to any other case and that Lewis was free to argue for an alternative disposition. Lewis subsequently moved for a dispositional departure to probation. He reasoned that there were substantial and compelling reasons for departure, including the following:

- He had accepted responsibility;
- the facts in his case involved a lesser degree of harm typical for this offense;
- he was not a "major" drug dealer;
- no weapon was involved;
- his defense to the charges was not without merit;
- the treatment he required for drug and alcohol issues was more readily available while on probation;
- the serious kidney and liver issues he suffered from ensured he would not continue to use illegal drugs;
- he was young;
- he had a supportive family; and
- he had done well with pretrial services.

At the sentencing hearing, the State pointed out that Lewis had a criminal history score of A and had been originally charged with a severity level 3 offense that had been reduced to a severity level 5. The State asked the district court to follow the plea agreement and impose a low presumptive prison sentence. The district court, on its own motion, granted Lewis a durational departure. In doing so, the district court referred to the reasons stated in Lewis' motion and noted that Lewis took responsibility for his

actions and saved the State the cost of a trial. The district court departed from a presumptive sentencing range of 37-40-42 months down to 31 months, but based on Lewis' criminal history score of A, the district court denied Lewis' motion for dispositional departure for a lack of substantial and compelling reasons. Lewis appealed from his sentence.

*We find no abuse of discretion.*

Lewis first claims the district court erred in not granting a downward dispositional departure to probation. He argues that the reasons articulated in his motion were substantial mitigating factors in support of probation, and notes that the district court found substantial and compelling reasons justifying a durational departure sentence. The State argues that the district court adequately considered Lewis' motion and reasonably found the mitigating factors argued did not support a dispositional departure sentence.

We review such questions about departure sentences for an abuse of discretion. *State v. Floyd*, 296 Kan. 685, 687, 294 P.3d 318 (2013). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). Lewis, as the party asserting the district court abused its discretion, bears the burden of showing such abuse. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

A district court must impose the presumptive sentence unless it finds substantial and compelling reasons to impose a departure. K.S.A. 2012 Supp. 21-6815(a).

> "Whether a mitigating factor is '"substantial"' depends on whether it is '"something that is real, not imagined; something with substance and not ephemeral," while . . . '"compelling' implies the court is forced, by the facts of a case, to leave the status quo or go beyond what is ordinary."' [Citations omitted.] But mitigating

3

circumstances do not per se constitute substantial and compelling reasons for departure. [Citation omitted.]" *Floyd*, 296 Kan. at 688.

Here, the district court considered each factor in Lewis' motion as well as his conduct awaiting trial and found that while there were substantial and compelling reasons to justify a durational departure, the same factors did not justify granting Lewis' request for a downward dispositional departure. As the district court pointed out, Lewis has a criminal history score of A with 29 entries, including convictions for aggravated assault, robbery, and aggravated escape. Lewis has drug convictions going back to 2000 so his substance abuse issues were not new. Despite repeated opportunities on probation to change his conduct, Lewis failed to do so.

Based on these facts and its desire to have Lewis "go a lifetime without committing offenses," the district court concluded that Lewis was not amenable to a nonprison sanction. The record does indicate that one mitigating factor is unique to Lewis' particular case: he has a medical condition that purportedly impacts his future drug or alcohol use and requires ongoing treatments that are more readily available if not incarcerated. But our standard of review does not warrant reversal for this circumstance.

A reasonable person could have taken the view adopted by the district court that the mitigating circumstances were not substantial and compelling to justify a departure to probation. There is no abuse of discretion here.

*The district court did not abuse its discretion in using Lewis' prior convictions to calculate his sentence.*

Next, Lewis claims the district court violated *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), when it enhanced his sentence based upon his criminal history without first requiring his prior convictions to be alleged in the complaint and be proven beyond a reasonable doubt. Lewis concedes that the Kansas

4

Supreme Court rejected a similar argument in *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002), but raises it to preserve federal review. Our Supreme Court recently reaffirmed *Ivory* in *State v. Baker*, 297 Kan. 482, 485, 301 P.3d 706 (2013). This court is duty bound to follow Kansas Supreme Court precedent absent some indication that the court is departing from its earlier position. See *State v. Belone,* 51 Kan. App. 2d 179, 211, 343 P.3d 128, *rev. denied* 302 Kan. ____ (2015). Since there is no indication our Supreme Court is departing from *Ivory*, we are compelled to conclude that the district court did not violate *Apprendi* in sentencing Lewis.

Affirmed.