NOT DESIGNATED FOR PUBLICATION

No. 115,931

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

VERNON R. GILLILAND,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed May 5, 2017. Affirmed.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Ellen H. Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., GREEN and MCANANY, JJ.

*Per Curiam*: This is Vernon Gilliland's third appeal following his conviction for aggravated criminal sodomy against a victim under the age of 14. Following his conviction, Gilliland moved for a departure sentence which the district court denied. In *State v. Gilliland*, 294 Kan. 519, 552, 276 P.3d 165 (2012) (*Gilliland I*), the Kansas Supreme Court affirmed his conviction but vacated his sentence and remanded for resentencing.

On remand, Gilliland renewed his motion for a downward durational departure sentence. The district court denied the motion and resentenced Gilliland to life imprisonment with a mandatory minimum sentence of 618 months and lifetime parole.

1

Gilliland appealed. The Court of Appeals affirmed Gilliland's sentence in *State v. Gilliland*, No. 109,046, 2014 WL 1302616 (Kan. App. 2014) (unpublished opinion), *summarily vacated in part and remanded on other grounds by* Supreme Court order February 5, 2016 (*Gilliland II*), but our Supreme Court partially granted Gilliland's petition for review and summarily vacated Gilliland's sentence and remanded for resentencing pursuant to its holding in *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015).

On remand, Gilliland again moved for a departure sentence, claiming five mitigating factors:

- He was under the influence of an epileptic seizure at the time the crime occurred;
- His prior criminal history contains no convictions for sex crimes;
- His prior person felonies are more than 20 years old;
- His lifetime sentence is disproportionate compared to "more serious Kansas crimes with the same or earlier parole eligibility"; and
- Since his entry into prison, he has no reported violations of prison rules.

The district court concluded that Gilliland's claimed mitigation factors did not warrant a departure and denied Gilliland's motion. Gilliland was sentenced to life imprisonment without the possibility of parole for 25 years, followed by lifetime post-release supervision.

Gilliland appeals. He claims the district court erred in denying his departure motion. We review the district court's ruling for any abuse of the court's discretion. *State v. Jolly*, 301 Kan. 313, 325, 342 P.3d 935 (2015). An abuse of discretion occurred if (1) no reasonable person would take the view adopted by the district court; (2) the district

court's action was based on an error of law; or (3) its action was based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015).

Pursuant to K.S.A. 21-4643(a)(1)(D)—the statute in effect when Gilliland was sentenced—the sentence for aggravated criminal sodomy against a victim under the age of 14 was life imprisonment with a minimum mandatory term of 25 years. For a first-time offender, the district court was required to impose a life sentence with a mandatory minimum sentence "unless the judge finds substantial and compelling reasons, following a review of mitigating circumstances, to impose a departure." K.S.A. 21-4643(d). To be substantial, the asserted fact must be real, not imagined; and something of substance, not ephemeral. To be compelling, the facts of the case must force the court to abandon the status quo or go beyond the ordinary. *State v. McKay*, 271 Kan. 725, 728, 26 P.3d 58 (2001); see *State v. Seward*, 289 Kan. 715, 722, 217 P.3d 443 (2009) (*disapproved on other grounds by Jolly*, 301 Kan. at 322-23). But mitigating circumstances do not per se constitute substantial and compelling reasons to depart. *State v. Floyd*, 296 Kan. 685, 688, 294 P.3d 318 (2013) (citing *State v. Ortega-Cadelan*, 287 Kan. 157, 165, 914 P.3d 1195 [2008]).

On appeal, Gilliland does not argue that the district court's denial of his motion to depart was based on an error of law or fact. Thus, he is left with the argument that no reasonable person would take the view adopted by the district court. To that end, he argues that the denial of his departure motion was unreasonable because his prior convictions were old and not related to his current conviction and because the district court acknowledged he had obeyed prison rules for 8 years. But he acknowledges that a panel of this court rejected a similar departure argument in *Gilliland II*. The Supreme Court's remand following *Gilliland II* was apparently based solely on the holding in *Dickey*, not on any impropriety in the Court of Appeals' ruling on the departure issue.

Gilliland asserts that "[t]hese mitigating circumstances were substantial and compelling reasons to depart" without any explanation how the panel of our court erred in its *Gilliland II* opinion or why no reasonable person would take the view adopted by the district court. With nothing more to offer, Gilliland has failed to meet his burden to show that the district court abused its discretion in arriving at a conclusion on his departure motion that no reasonable person could support.

Affirmed.