NOT DESIGNATED FOR PUBLICATION

No. 117,528

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TERREN BROWN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TERRY L. PULLMAN, judge. Opinion filed December 1, 2017. Affirmed.

Submitted for summary disposition pursuant K.S.A. 2016 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., MALONE and POWELL, JJ.

PER CURIAM: Terren Brown appeals the district court's denial of his motion for dispositional departure. We granted Brown's motion for summary disposition in lieu of briefs as stated under Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48).

In January 2017, Brown pled guilty to unlawfully tampering with electronic monitoring equipment, a severity level 6 nonperson felony. Based on his criminal history score of A, Brown was presumptive prison with a presumptive sentencing range between 40 and 46 months. As part of the plea agreement, the State agreed to recommend that the court impose a durational departure of 20 months' imprisonment. Prior to sentencing, Brown filed a motion requesting a downward dispositional departure arguing that: (1) he accepted responsibility for his actions; (2) community based rehabilitation programs

1

would serve him better than prison; (3) sentencing him to probation would help alleviate prison overcrowding; and (4) he would be supervised while on probation.

At sentencing the State argued that a dispositional departure was inappropriate given the circumstances of Brown's case. The State informed the court that Brown had cut off his electronic monitoring device twice. After cutting off the device this time, he went to Texas without permission. According to the State, Brown's probation officer had designated Brown as a high risk offender. The court denied Brown's motion finding that there were not substantial and compelling reasons to justify a dispositional departure. But the court did sentence Brown to the recommended durational departure of 20 months' imprisonment. Brown appeals the denial of his motion for a dispositional departure.

This court has jurisdiction to review the district court's refusal to grant a dispositional departure. See *State v. Looney*, 299 Kan. 903, 906-10, 327 P.3d 425 (2014). We review such claims for abuse of discretion. *State v. Floyd*, 296 Kan. 685, 687, 294 P.3d 318 (2013). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). The party asserting the district court abused its discretion bears the burden of showing an abuse of discretion. *State v. Robinson*, 303 Kan. 11, 90, 363 P.3d 875 (2015), *cert. denied* 137 S. Ct. 164 (2016).

Unless a district judge finds "substantial and compelling reasons to impose a departure sentence," the judge "shall impose the presumptive sentence provided by the sentencing guidelines." K.S.A. 2016 Supp. 21-6815(a).

In this case, Brown fails to show that the district court abused its discretion. Brown was a criminal history A, committed the crime he was charged with in this case while on postrelease supervision, removed his electronic monitoring device twice, and

2

absconded to Texas. Under these facts it is clear that a reasonable person could take the view adopted by the trial court. See *Marshall*, 303 Kan. at 445. Brown does not allege that the district court's decision was based on an error of law or fact. Accordingly, the district's denial of Brown's motion for dispositional departure is affirmed.

Affirmed.