Johnson, J., concurring:
I concur in the result reached by the majority. I write separately to challenge the majority's newly manufactured "springing obligation" theory that it uses to support the notion that Thomas' purported KORA registration obligation was not imposed in the criminal case by the sentencing judge as part of her criminal sentence.
I begin by agreeing with the majority's penultimate holding that **753 the failure of the district court to make a finding on the record that a deadly weapon was used in the commission of the aggravated battery meant that Thomas could not be required to register under the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 et seq. In that vein, the district court simply did not have the statutory authority to order that Thomas was required to register when it pronounced Thomas' sentence from the bench. That unlawful pronouncement is analogous to a district court ordering from the bench at sentencing that a person convicted of an off-grid felony must serve a term of postrelease supervision, when postrelease supervision is not statutorily authorized. See, e.g., State v. Clark , 298 Kan. 843, 851, 317 P.3d 776 (2014) *445 (sentencing court not authorized to order term of postrelease supervision in conjunction with off-grid indeterminate sentence). But contrary to the majority, I would view the district court's unlawful order at sentencing as fitting within the definition of an illegal sentence. See K.S.A. 2017 Supp. 22-3504(3) (" 'Illegal sentence' means a sentence ... that does not conform to the applicable statutory provision, either in character or punishment.").
I also concur with the majority's ultimate decision not to remand this case to the district court, albeit for another reason. The majority reads our decision in State v. Dickey , 305 Kan. 217, 222, 380 P.3d 230 (2016), as creating a theoretical requirement to remand for resentencing any time a registration requirement is vacated, if the registration requirement were to be considered part of the criminal sentence. Op. at 441-42. Although the majority believes that conclusion "makes sense," I do not. Moreover, we need not avoid labeling registration as a part of Thomas' sentence in order to avoid remanding to the district court.
We have precedent, alluded to above, that directly supports our vacating the unauthorized part of a sentence, without the district court engaging in a resentencing. See State v. Cash , 293 Kan. 326, 330-31, 263 P.3d 786 (2011) (simply vacating the portion of sentence imposing lifetime postrelease supervision for an off-grid conviction). Here, the sentencing journal entry did not purport to require Thomas to register and, therefore, it was not legally infirm. Only the sentencing court's pronouncement from the bench **754 was erroneous. Although the above-cited Clark case ultimately remanded the matter to the district court to correct by nunc pro tunc order the sentencing journal entry, it specifically held that when
"the sentencing court erred in imposing lifetime postrelease supervision from the bench, that portion of [the defendant's sentence] is vacated. See State v. Floyd , 296 Kan. 685, 690-91, 294 P.3d 318 (2013) (holding remedy when postrelease supervision is announced from the bench is to vacate that portion of the sentence); State v. Ross , 295 Kan. 1126, 1134, 289 P.3d 76 (2012) (same); [ State v .] Summers , 293 Kan. [819,] 831-32[, 272 P.3d 1 (2012) ] (same)." 298 Kan. at 851, 317 P.3d 776.
The district court in Clark was not directed to engage in any resentencing, but rather to simply correct a faulty journal entry. Here, we do not even need a nunc pro tunc correction of Thomas' sentencing journal entry, because it is legal. We simply vacate the unlawful pronouncement; no remand, yet no registration requirement.
But the majority apparently has a compelling desire to find that KORA registration is not part of the criminal sentencing, apart from the remand question. The majority first points out that in State v. Simmons , 50 Kan. App. 2d 448, 463, 329 P.3d 523 (2014), the Court of Appeals held "that the legislature intended the KORA registration requirements to be imposed automatically by operation of law without court involvement and to represent nonpunitive collateral consequences of judgment that are distinct from, and not a part of, a criminal sentence." But then a cursory look at the actual provisions of KORA blew that theory out of the water. Op. at 441-42.
As the majority points out, in many cases, such as the one before us now, court involvement is very much required, because without the requisite judicial fact-finding, no registration requirement arises. And the Legislature did not compel the district courts to make the requisite registration-triggering findings of fact, even where, as here, the jury had found the existence of that fact beyond a reasonable doubt. In the majority's own words, " K.S.A. 2011 Supp. 22-4902(e)(2) does not affirmatively require the district court to consider and determine whether Thomas used a deadly weapon in the commission of her offense." Op. at 443. In other words, the judge presiding over the criminal case has the discretion to make the finding, or not. In that circumstance, the registration **755 requirement arises by operation of judicial discretion, not by operation of law.
Even more compelling evidence that the Legislature did not intend for registration to be self-executing, without court involvement, is the definition of "offender" in K.S.A. 2017 Supp. 22-4902(a)(5) : "any person required by *446 court order to register for an offense not otherwise required as provided in the Kansas offender registration act." See also K.S.A. 2017 Supp. 22-4906(a)(1)(M) (imposing a 15-year registration period on any person required by court order to register after conviction for an offense not otherwise required by KORA). In short, the Legislature has invested the district court with the discretionary authority to decide if any person should be ordered to register, as a result of a non-KORA conviction , i.e., to sentence any convicted person to register. Such an unfettered discretionary judicial act is the antithesis of arising by operation of law.
After realizing that the Simmons declaration could not be squared with the actual provisions of KORA, the majority's next step was to point at K.S.A. 2017 Supp. 22-4904(a)(1)(B) as definitive evidence that registration could not be part of the criminal sentencing. See State v. Marinelli , 307 Kan. ----, ----, 415 P.3d 405 (No. 111,227, this day decided), slip op. at 24. The argument is that a convicted person, released before sentencing, automatically incurs the obligation to register and he or she can be prosecuted for the crime of failing to register, all before being sentenced for the current crime. Ergo, registration cannot be part of the current sentencing because it was already triggered by the conviction. That argument evanesces upon closer scrutiny of the statutory provisions. K.S.A. 2017 Supp. 22-4904 provides as follows, with emphasis added:
"(a)(1) At the time of conviction or adjudication for an offense requiring registration as provided in K.S.A. 22-4902, and amendments thereto, the court shall :
(A) Inform any offender, on the record, of the procedure to register and the requirements of K.S.A. 22-4905, and amendments thereto; and
(B) if the offender is released:
(i) Complete a notice of duty to register, which shall include title and statute number of conviction or adjudication, date of conviction or adjudication, case number, county of conviction or adjudication, and the following offender information: Name, address, date of birth, social security number, race, ethnicity and gender;
**756 (ii) require the offender to read and sign the notice of duty to register, which shall include a statement that the requirements provided in this subsection have been explained to the offender;
(iii) order the offender to report within three business days to the registering law enforcement agency in the county or tribal land of conviction or adjudication and to the registering law enforcement agency in any place where the offender resides, maintains employment or attends school, to complete the registration form with all information and any updated information required for registration as provided in K.S.A. 22-4907, and amendments thereto; and
(iv) provide one copy of the notice of duty to register to the offender and, within three business days, send a copy of the form to the law enforcement agency having initial jurisdiction and to the Kansas bureau of investigation.
(2) At the time of sentencing or disposition for an offense requiring registration as provided in K.S.A. 22-4902, and amendments thereto, the court shall ensure the age of the victim is documented in the journal entry of conviction or adjudication.
(3) Upon commitment for control, care and treatment by the Kansas department for aging and disability services pursuant to K.S.A. 59-29a07, and amendments thereto, the court shall notify the registering law enforcement agency of the county where the offender resides during commitment of such offender's commitment. Such notice shall be prepared by the office of the attorney general for transmittal by the court by electronic means, including by fax or e-mail."
The first thing to notice is that K.S.A. 2017 Supp. 22-4904(a)(1)(B) comes into play only after the defendant has been convicted of a qualifying offense and "is released." The triggered-by-conviction theorists would interpret "is released" as including a convicted person who bonds out of jail while awaiting sentencing. Cf. K.S.A. 2011 Supp. 22-4904(a)(2) (which applied only "if the offender [was] released on probation, receiv[ed] a suspended sentence, sentenced to community corrections *447 or released on postrelease supervision"). But even if "is released" includes bonding out of jail before sentencing, the registration event is the release , not the conviction. Those that do not bond out after conviction will not incur the obligation to register until sometime later, after sentencing.
Even more compelling, reading all of the words of the statute together, as jurists should always do, reveals that "the court shall ... order the offender to report within three business days...." K.S.A. 2017 Supp. 22-4904(a)(1)(B)(iii). The court shall order . There is no operation of law to be discerned in that explicit language. It is not the conviction that imposes an immediate registration obligation **757 on a person; it is the order of the judge presiding over the criminal case upon the person's release from custody.
Furthermore, the K.S.A. 2017 Supp. 22-4904(a)(1)(B) proponents exclaim that the fact that a defendant released prior to sentencing can be prosecuted for failing to register is proof positive that registration is not part of the criminal sentence. But a majority of this court has said that the prison term imposed for failing to register is simply a sanction against the person for committing a new crime; it is not a part of the calculus of ascertaining punishment for the current crime. Consequently, the fact that a releasee on bond can be prosecuted for committing the new crime of failing to register is no different than saying any person released on bond can be prosecuted for committing any other new crime.
But not to be deterred, the majority came up with a creative theory that would allow it to continue to say that registration is not part of the defendant's criminal sentence, notwithstanding the involvement of the criminal case sentencing judge. Under that new theory, the majority first describes three circumstances under which the duty to register arises (hereafter referred to as circumstance 1, circumstance 2, or circumstance 3 registrants), and then explains:
"Once one of these sets of statutorily defined conditions exists-i.e., (1) the mere fact of a conviction classifies the defendant as an 'offender'; (2) the fact of a conviction plus some statutorily permitted judicial fact-finding classifies the defendant as an 'offender'; or (3) a judicial order determines, through the exercise of judicial discretion, that the defendant should be considered an 'offender'-KORA creates a 'springing' obligation-that is, the duty to register under KORA springs into existence by operation of law." Op. at 442.
Thereafter, the majority concludes: "Since the duty to register under KORA springs into existence by operation of law immediately upon the existence of statutorily prescribed conditions, it is not within or part of a criminal sentence." Op. at 443. If I understand the theory, the majority is saying that for a circumstance 3 registrant, where the sentencing judge exercised his or her unfettered discretion to require registration for a person convicted of a non-KORA person felony, without any statutory criteria or factors to guide the decision, the court-ordered registration requirement immediately springs into existence as a registration required by operation of law .
**758 This new "springing obligation" theory is apparently cut from whole cloth. The majority does not cite to any other jurisdiction that has discerned such a magical sleight-of-hand transformation from judicial discretion to operation of law. Nor does the majority offer an analog in our State's jurisprudence. Whimsically, one might even observe that the majority does not give so much as a nod of the head to Professor Simes, whose Future Interests hornbook describes "springing interests" in the context of executory interests in real property. Lewis M. Simes, Law of Future Interests 11-12, 25-26 (2d ed. 1966).
Rather, in my view, it appears quite obvious that the majority is working backward, starting with its desired premise that registration is not a part of criminal sentencing and then manipulating legal doctrine to justify that preconceived result. In a blog, Phil Steck opined that "the manipulation of legal doctrine to justify a pre-conceived result" is the very definition of result-oriented jurisprudence. See Phil Steck, Result-oriented Jurisprudence , timesunion (Nov. 2, 2010), https://blog.timesunion.com/steck/result-oriented-jurisprudence/68/.
*448 But regardless, it is evident to me that the manufacturers of this new legal widget should recall the current version and take it back to the shop for retooling to fix some obvious bugs in the system. For instance, the majority declares that "[i]n Thomas' case, the springing registration obligation alleged by the State is triggered when two statutorily prescribed conditions precedent exist: (1) a person felony conviction; and (2) a factual finding on the record by the convicting court that a deadly weapon was used in the commission of the crime." Op. at 442. Using the majority's conclusion above, that would mean that "the duty to register under KORA springs into existence by operation of law immediately upon" the deadly weapon factual finding. But what if Thomas is in jail at the time of the factual finding and remains there until the sheriff transports her to the custody of the KDOC to serve a prison term? Thomas would have no duty to register while incarcerated. To the contrary, her duty to register would only "spring up" when she is released from custody. Oops, do we have yet another "statutorily prescribed condition precedent" here? Or perhaps the majority **759 needs to add a "leap-frogging" component to its "springing" theory, i.e., the springing, immediate obligation to register by operation of law subsequently "leap-frogs" into an actual duty to register upon release from prison.
And what about a person imprisoned for life, who never gets out of prison? It seems counterintuitive, at the least, to declare that a person who never has to appear before a law enforcement agency and actually register, has incurred an immediate springing obligation to register. Interpreting KORA as imposing a springing, immediate duty to register on a person who will never actually be required to register strikes me as superfluous, meaningless, and absurd. See State v. Frierson , 298 Kan. 1005, 1013, 319 P.3d 515 (2014) (courts must construe statutes to avoid unreasonable or absurd results and presume the Legislature does not intend to enact meaningless legislation).
And in the face of this logical disconnect, the majority conveniently ignores the factors which would point to registration being part and parcel of the criminal sentence. An obvious indicator that registration is intended to be part of the criminal proceeding is that KORA is contained in K.S.A. 22-4901 et seq., which is part of the Kansas Code of Criminal Procedure, K.S.A. 22-2101 et seq., not the Kansas Code of Civil Procedure, K.S.A. 60-101 et seq. Moreover, the criminal court proceeding is the only place the Legislature has established to deal with registration matters. Unlike the administrative procedures in place for an executive branch agency to deal with driver's license suspensions for those who drive under the influence, the Legislature made no provision for handling KORA registration, other than through the criminal court. And there is no sanction for violating the KORA duty to register, other than through a new criminal prosecution, and, accordingly, the criminal courts are the only guardians of the KORA scheme.
Another persuasive indicator that registration is part of the criminal sentence is that the duty is only imposed on persons who have been convicted of a person felony. In the majority's parlance, a criminal conviction is a statutorily prescribed condition precedent to the obligation to register. In contrast, a person who is acquitted of the crime of driving under the influence can nevertheless have **760 his or her driver's license suspended for driving under the influence, because the suspension is truly not part of the criminal sentence. But with respect to KORA, even if every law enforcement officer in the county knows that a particular person is a gun-toting, knife-slashing, violent, incurable pedophile, an obligation to register will only spring up upon a person felony criminal conviction. Further, as the majority acknowledges, for circumstance 2 and circumstance 3 registrants, the judge presiding over the criminal case is the only person or entity that can put into effect the obligation to register under KORA. Again, that scheme is a judge-executed sentence, not an operation-of-law administrative matter.
In short, I would hold that the part of the district court's sentencing pronouncement that ordered Thomas to register under KORA did not conform to the applicable statutory provisions, and, thus, was illegal. I would vacate that part of the pronounced *449 sentence and hold that, pursuant to the lawful sentence reflected in the sentencing journal entry, Thomas is not required to register under KORA.
Beier and Rosen, JJ., join in the foregoing concurrence.