NOT DESIGNATED FOR PUBLICATION

Nos. 118,629
118,630

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAVID E. HATCHER JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN J. O'CONNOR, judge. Opinion filed October 26, 2018. Affirmed.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., GREEN, J., and ROBERT J. FREDERICK, District Judge, assigned.

PER CURIAM:  Generally, a district court must impose intermediate sanctions upon a probationer before revoking his or her probation. A court can bypass intermediate sanctions if the probationer commits a new felony. K.S.A. 2017 Supp. 22-3716(c)(8)(A). Here, the district court revoked David E. Hatcher Jr.'s probation after he committed a new felony—aggravated escape from custody. Hatcher appeals, arguing that the district court's decision constituted an abuse of discretion. But Hatcher had violated the terms of

1

his probation several times before ultimately committing a new felony. The district court had a sound basis for its decision, therefore the decision was not an abuse of discretion.

The district court also sentenced Hatcher for the aggravated escape from custody conviction. While the court granted Hatcher a durational departure, it denied his motion for dispositional departure. Hatcher also appeals this decision. He argues that the district court abused its discretion in denying his motion for dispositional departure. But Hatcher had an opportunity to succeed on probation, and instead he committed a new offense. It was reasonable for the district court to refuse to give Hatcher another chance when Hatcher had given the court no reasons to believe he would succeed.

The decision of the district court in both cases is affirmed.

FACTUAL AND PROCEDURAL HISTORY

Hatcher drove his car through a hotel room window where the mother of his children was staying. He took two of the children and told the mother, "'I am going to kill you and they know where your mom lives.'" He then left the scene. He later turned himself in to law enforcement.

In April 2016, Hatcher pleaded guilty to two counts of aggravated endangering a child and one count of criminal threat. The district court sentenced Hatcher to 12 months' probation with an underlying prison term of 22 months. The court later amended the prison sentence to 16 months to comply with the "Double Rule" set out in K.S.A. 2017 Supp. 21-6819(b)(4) (sentence in multiple conviction case cannot exceed twice the base sentence).

Seven months later, the State issued a warrant for Hatcher's arrest alleging that he had violated the terms of his probation. Hatcher admitted to several allegations, including

failing to make court-ordered payments, testing positive for cocaine, failing to report to his case services officer, and failing to complete community service. The district court imposed a 48-hour jail sanction as a result of the violations. The court also extended Hatcher's probation until March 1, 2018.

A few weeks later, the State issued another warrant for Hatcher's arrest. This time, it alleged that he left his community corrections facility without permission. When the warrant was issued, Hatcher's whereabouts were unknown.

The State filed a new case against Hatcher for aggravated escape from custody, to which he subsequently pleaded guilty. Based on his criminal history score of B, Hatcher's presumptive sentencing range was 18 to 20 months' imprisonment. Prior to sentencing, Hatcher moved to impose a dispositional departure. He asked the court to grant him probation so that he could enter a drug treatment program. He believed that such programs may not be available in prison and thus prison would not have a rehabilitative effect. The district court granted a durational departure, but not a dispositional one. It sentenced Hatcher to 12 months' imprisonment.

Because Hatcher committed a new felony, the district court revoked his probation in the first case. While the district court's primary basis for revoking probation was that Hatcher committed a new felony, the court also found that Hatcher was a danger to the safety of the members of the public and that his welfare would not be served by intermediate sanctions.

Hatcher appealed the revocation of his probation. He also appealed the denial of his motion for dispositional departure. The two cases are consolidated for appeal.

3

ANALYSIS

*The district court did not abuse its discretion in revoking Hatcher's probation.*

Hatcher's first argument is that the district court abused its discretion bypassing intermediate sanctions and revoking his probation. He asserts that intermediate sanctions would have had a superior rehabilitative effect. The State argues that the district court's decision was reasonable given Hatcher's many probation violations.

Once there is evidence of a probation violation, the decision to revoke probation rests within the sound discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). A district court abuses its discretion if its action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *Fischer v. State*, 296 Kan. 808, Syl. ¶ 8, 295 P.3d 560 (2013).

The sanctions a district court can impose upon finding a probation violation are set out in the statute. K.S.A. 2017 Supp. 22-3716(c). Typically, the district court must impose intermediate sanctions before it can revoke an offender's probation. K.S.A. 2017 Supp. 22-3716(c)(1). That said, intermediate sanctions are not required where an offender commits a new felony while on probation. K.S.A. 2017 Supp. 22-3716(c)(8)(A). A district court can also bypass intermediate sanctions if it "finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction." K.S.A. 2017 Supp. 22-3716(c)(9)(A).

Hatcher committed a new felony while he was on probation. Thus, the district court had a factual and legal basis for revoking Hatcher's probation instead of imposing intermediate sanctions. Accordingly, Hatcher's argument relies on the third way of showing an abuse of discretion—that the court's decision was unreasonable. He informed

4

the court that he struggled with drug addiction and that his substance abuse evaluation showed he was amenable to inpatient treatment. Now, Hatcher argues that an intermediate sanction of 180 days in jail followed by inpatient treatment and probation would have allowed him "to enter treatment with a considerable amount of sober time, thereby making the sanction far more therapeutic and rehabilitative than prison."

While Hatcher may benefit from inpatient treatment, the district court's decision was still reasonable. Hatcher spent about nine months on probation before his first probation violation hearing. During that time, he violated the terms of his probation in many ways. At the first probation violation hearing the district court warned Hatcher that he was "not entitled to too many breaks" because he had "already had them." But less than two weeks after that hearing Hatcher violated his probation again by leaving his community corrections facility. Hatcher's demonstrated unwillingness to comply with the terms of his probation shows that the district court's decision to revoke his probation was reasonable.

Hatcher also argues that the district court made inadequate findings that he posed a threat to public safety. This issue is immaterial as Hatcher's commission of a felony while on probation provided a sufficient basis for the district court to revoke his probation. The district court itself noted that it was unnecessary to make public safety findings. Given that the probation revocation was permissible based on Hatcher's commission of a new felony, we will not address the alternative basis.

*The district court did not abuse its discretion in denying Hatcher's motion for a dispositional departure.*

Hatcher also argues that the district court abused its discretion in denying his motion for dispositional departure in the aggravated escape from custody case. As with the previous issue, he argues that probation would have been a better sentence because it

5

would have allowed him to enter drug treatment and address the root causes of his criminal actions.

When the district court denies a departure motion, this court reviews its decision for abuse of discretion. *State v. Floyd*, 296 Kan. 685, 687, 294 P.3d 318 (2013). Again, a district court abuses its discretion if its action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *Fischer*, 296 Kan. 808, Syl. ¶ 8.

A departure sentence will only be granted if the sentencing court finds "substantial and compelling reasons to impose a departure sentence." K.S.A. 2017 Supp. 21-6815(a). In his motion to depart, Hatcher acknowledged that he had drug addiction issues. He asserted that drug treatment programs may not be available from the Kansas Department of Corrections and asked the court to grant him probation so that he could receive inpatient treatment. The district court held that Hatcher failed to present substantial and compelling reasons to depart. The district court's decision was not an abuse of discretion. Because the court made no error of law or fact, its decision should only be overturned if it was unreasonable. The nature of Hatcher's offense—escaping from custody while on probation—shows that the district court's decision was reasonable. Hatcher had an opportunity to succeed on probation. Instead of taking advantage of the opportunity, he walked away. So it was not unreasonable for the district court to deny Hatcher yet another opportunity at probation by granting a dispositional departure.

Affirmed.