NOT DESIGNATED FOR PUBLICATION

No. 123,008

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

AARON T. SWARTZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sherman District Court; SCOTT SHOWALTER, judge. Opinion filed April 2, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before ATCHESON, P.J., GARDNER and WARNER, JJ.

PER CURIAM: Aaron Swartz appeals the sentence for his conviction of felony possession of methamphetamine with intent to distribute. We granted Swartz's motion for summary disposition under Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47) and now affirm.

Swartz pleaded guilty to one count of possession of methamphetamine with intent to distribute in July 2018, and he was released on supervised bond while he awaited sentencing. But after he failed a mandatory drug screening, Swartz moved to Nebraska without informing or receiving authorization from the court. Not long after, Swartz was arrested in Nebraska and convicted of possession of methamphetamine with intent to

1

distribute and possession of a firearm during the commission of a felony. While he was incarcerated for those offenses, Swartz completed several substance-abuse treatment programs.

After serving his Nebraska prison sentence, Swartz returned to Kansas so he could be sentenced for his July 2018 conviction. Swartz requested a dispositional departure for that offense—in other words, that he be placed on probation instead of receiving a prison sentence—due to his successful completion of residential drug treatment and several other substance-abuse programs in Nebraska. Swartz also pointed out that he was a nonviolent offender, had remained clean and sober, found stable housing, was looking for gainful employment, and desired to reconnect with his daughters. Alternatively, Swartz asked the court to impose a durational departure and reduce the 108-month presumptive sentence for his conviction to a 12-month prison sentence.

The district court denied Swartz's probation request, noting Swartz had absconded to Nebraska when he was on supervised bond in this case. But recognizing Swartz's other progress, the court partially granted his request for a durational departure and imposed a 54-month prison sentence, followed by 36 months of postrelease supervision.

Swartz raises two arguments on appeal. He argues the district court violated his constitutional rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed 2d 435 (2000), when it relied on his criminal history to sentence him without first requiring that his criminal history be proven to a jury beyond a reasonable doubt. And he argues that the district court should have sentenced him to probation as he requested, given his successful completion of drug treatment when he was incarcerated in Nebraska. We find neither argument persuasive.

*Apprendi* held that any fact increasing the penalty for a crime—other than a previous conviction—must be submitted to a jury and proved beyond a reasonable doubt.

2

530 U.S. at 490. Our Supreme Court adopted *Apprendi*'s analysis in *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002), holding that the use of prior criminal history during sentencing does not violate a defendant's constitutional rights. See also *State v. Fewell*, 286 Kan. 370, 396, 184 P.3d 903 (2008) (affirming *Ivory*). The court reasoned that previous convictions are a sentencing factor and not an element of the crime. *Ivory*, 273 Kan. at 46. We are duty-bound to follow this precedent. See *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015). Swartz's argument under *Apprendi* is therefore without merit.

We thus turn to Swartz's contention that the district court should have sentenced him to probation. This court has jurisdiction to consider this argument because Swartz's departure requests were partially successful—the district court granted his request for a durational, though not a dispositional, departure. See *State v. Looney*, 299 Kan. 903, 906-10, 327 P.3d 425 (2014). But a district court has broad discretion in determining whether to grant a defendant's request for a dispositional departure. *State v. Floyd*, 296 Kan. 685, 687, 294 P.3d 318 (2013). A court only abuses this discretion if no reasonable person would take the view it adopted or when its decision is based on an error of law or fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015).

Applying these principles here, the district court did not abuse its discretion when it denied Swartz's dispositional-departure request. Swartz apparently was able to maintain his sobriety and successfully completed drug treatment programs while he was in Nebraska—progress the district court considered when granting his request for a durational departure. But the fact remains that Swartz absconded to another state while he was on bond and awaiting sentencing in this case. In light of this history, the district court's decision to sentence Swartz to a prison term, the presumptive disposition under the Kansas sentencing guidelines, rather than probation was not unreasonable.

Affirmed.