NOT DESIGNATED FOR PUBLICATION

No. 118,127

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RONALD LAMB,
*Appellant*.


MEMORANDUM OPINION

Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed March 23, 2018. Affirmed.

*Sam S. Kepfield*, of Hutchinson, for appellant.

*Thomas R. Stanton*, deputy district attorney, *Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ARNOLD-BURGER, C.J., MALONE and MCANANY, JJ.


PER CURIAM: Ronald Lamb argues that his prior conviction for attempted aggravated robbery should not have been scored as a person felony for criminal history purposes. This court need not decide whether Lamb is correct because even if he is, it makes no difference in his criminal history score. The sentence he was given was legal. Accordingly, we affirm.

1

In 2009, Lamb pled guilty, in case No. 07CR1177 (Case I), to 19 counts of violating a protection of abuse order, all class A person misdemeanors. At the same plea hearing Lamb pled guilty in case No. 07CR912 (Case II), to numerous crimes that were primarily drug related. The pleas in both cases were separate and the plea agreement provided that the sentences should run consecutive to each other.

The court found Lamb's criminal history score, for Case II, to be A. Lamb's criminal history score was based on a previous conviction for attempted aggravated robbery, in addition to the 19 counts of violating a protection of abuse order that Lamb pled guilty to in Case I. Lamb was sentenced to serve a term of 300 months in prison. However, the court granted a dispositional departure to probation for a period of 36 months. Further, the court ordered the sentences in the two cases to run consecutive to each other. Subsequently, as a result of several postsentencing proceedings, some of his convictions were merged and his sentence was modified to 198 months' imprisonment following a probation revocation. *State v. Lamb*, No. 107,555, 2012 WL 5373392 (Kan. App. 2012) (unpublished opinion).

In 2016, Lamb filed a pro se motion to correct an illegal sentence. The motion first argued that Cases I and II were consolidated for sentencing purposes, and therefore his misdemeanor convictions in Case I should not have been scored for criminal history purposes in his felony case, Case II. Lamb also argued that his prior conviction for attempted aggravated robbery could not be scored as a person felony under the constitutional guidelines set out in *Descamps v. United States*, 570 U.S. 254, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), and *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015).

A hearing was held on Lamb's motion, where Lamb's counsel stated:

"I reviewed . . . Mr. Lamb's motion and . . . looked over the transcript of sentencing. Mr. Lamb was under the impression that these cases were consolidated for sentencing and had that been the case he would have had a legal argument. But I've found nothing to support that. It seems very clear that these cases were not consolidated and I, I don't think that he has a legal basis to proceed."

The issue of whether Lamb's prior attempted aggravated robbery could be scored as a person felony was not discussed at the hearing, though raised in his motion. The district court orally denied Lamb's motion. Lamb filed a timely appeal.

## ANALYSIS

On appeal Lamb does not raise his original argument that Cases I and II were consolidated for sentencing. Issues not raised on appeal are waived. *State v. Williams*, 303 Kan. 750, 758, 368 P.3d 1065 (2016). The only issue that Lamb raises is whether the court erred in determining that his criminal history score was A. Lamb asserts that the district court improperly counted his attempted aggravated robbery conviction as a person felony, making his sentence illegal. In response, the State primarily argues that the issue is moot and therefore this court need not reach the merits of Lamb's argument.

*We start with our standard of review.*

Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which the appellate court has unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016). An "illegal sentence," as contemplated by K.S.A. 22-3504(1), is a sentence imposed by a court without jurisdiction; a sentence that does not conform to the statutory provision, either in the character or the term of authorized punishment; or a sentence that is ambiguous with respect to the time and manner in which it is to be

3

served. *State v. Gray*, 303 Kan. 1011, 1014, 368 P.3d 1113 (2016). Lamb's only allegation is that his sentence does not conform to the statute because his attempted aggravated robbery conviction was scored as a person felony.

*Lamb's sentence was not illegal.*

The district court determined that Lamb's criminal history score was A. Under the Kansas Sentencing Guidelines Act (KSGA), "Every three prior adult convictions . . . of class A and class B person misdemeanors in the offender's criminal history . . . shall be rated as one adult conviction . . . of a person felony for criminal history purposes." K.S.A. 2017 Supp. 21-6811(a). In order to have the highest criminal history score, A, an individual must have three or more prior convictions for person felonies. K.S.A. 2017 Supp. 21-6809(A). There is no dispute that Lamb has 19 prior convictions for violating a protection from abuse order, all class A person misdemeanors. See K.S.A. 21-3843. Even if Lamb is correct that his prior attempted aggravated robbery cannot be counted as a person felony for criminal history purposes, and we make no holding either way, he still has six prior person felonies after converting his misdemeanor convictions. See K.S.A. 21-3843; K.S.A. 2017 Supp. 21-6811(a). This is more than enough for Lamb to score an A on the criminal history grid. K.S.A. 2017 Supp. 21-6804(a).

Accordingly, Lamb's sentence was not based on an erroneous criminal history score. The district court's decision denying his motion to correct an illegal sentence is affirmed.

Affirmed.