NOT DESIGNATED FOR PUBLICATION

No. 120,525

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

NICHOLAS ALONZO MOORE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Lyon District Court; MERLIN G. WHEELER, judge. Opinion filed October 18, 2019. Affirmed and remanded with directions.

*Stuart N. Symmonds*, of Symmonds & Symmonds, LLC, of Emporia, for appellant.

*Laura L. Miser*, assistant county attorney, *Marc Goodman*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., STANDRIDGE, J., and MCANANY, S.J.

PER CURIAM: Nicholas Alonzo Moore appeals from the district court's decision to deny his motion to correct an illegal sentence. Relying on language from an opinion issued by a panel of this court in his direct appeal, Moore contends that his severity level 3 sentence for possession with the intent to distribute less than 25 grams of marijuana within 1,000 feet of school property is illegal and that he should be resentenced for a severity level 5 offense. But the panel's erroneous statement regarding the severity level of the crime at issue was dicta and does not render Moore's sentence illegal; therefore, we affirm the district court. Because the district court's sentencing

1

journal entry of judgment does not accurately reflect Moore's crimes of conviction, however, we must remand this case with directions for the district court to enter a corrected journal entry.

FACTUAL AND PROCEDURAL BACKGROUND

Following a bench trial in 2016, Moore was convicted of distribution of marijuana, possession of THC, possession with intent to distribute marijuana within 1,000 feet of school property, possession of cocaine, felony possession of drug paraphernalia, and misdemeanor possession of drug paraphernalia. The district court sentenced Moore to 115 months in prison. Moore filed a direct appeal with this court. We affirmed Moore's convictions but remanded the case with directions for the district court to correct certain clerical errors in the sentencing journal entry of judgment. *State v. Moore*, No. 116,275, 2017 WL 5016039 (Kan. App. 2017) (unpublished opinion), *rev. denied* 308 Kan. 1599 (2018).

In 2018, Moore filed a pro se motion to correct an illegal sentence. Moore's appointed counsel later filed a memorandum in support of the motion. Relying on language set forth in this court's opinion on direct appeal, Moore alleged that his severity level 3 sentence for possession with the intent to distribute less than 25 grams of marijuana within 1,000 feet of school property was illegal and that he should be resentenced for a severity level 5 offense. In response, the State argued that the district court properly sentenced Moore to a severity level 3 offense under the Kansas Sentencing Guidelines and that this court's reference to Moore's crime of conviction as a severity level 5 offense was an erroneous statement made in dicta, not an attempt to recategorize the crime's severity level.

Following a hearing where the parties argued their respective positions, the district court denied Moore's motion to correct an illegal sentence. In particular, the judge stated:

"It is pretty clear to me that a conviction for possession with intent to distribute less than 25 grams of marijuana within a thousand feet of any school property is not a Severity Level 5 offense, it is a Severity Level 3 offense . . . . Therefore, even though . . . the Court of Appeals in this opinion seemed to indicate that it was a Severity Level 5 offense, that's in error. And if I had entered it as a Level 5, it would be an illegal sentence.

"So, consequently, I'm going to leave the sentence as it is and deny the motion to correct the illegal sentence because I don't think it's an illegal sentence. It can be taken up with the Court of Appeals and they can address the matter of their prior opinion."

ANALYSIS

An "illegal sentence" under K.S.A. 2018 Supp. 22-3504(3) is (1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in the character or the term of the authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served. See *State v. Gray*, 303 Kan. 1011, 1014, 368 P.3d 1113 (2016). K.S.A. 2018 Supp. 22-3504(1) allows the court to correct an illegal sentence at any time. Whether a sentence is illegal within the meaning of K.S.A. 2018 Supp. 22-3504 is a question of law over which we have unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016). To the extent that resolution of this appeal requires us to interpret statutes, and our prior opinion, our review is also unlimited. See *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

Count 4 of the State's second amended complaint charged Moore with possession of less than 25 grams of marijuana with intent to distribute within 1,000 feet of school property, contrary to K.S.A. 2015 Supp. 21-5705(a). Drug crimes range from severity level 1 (highest sentences) to 5 (lowest sentences) on the sentencing grid. See K.S.A. 2018 Supp. 21-6805. The severity level of Moore's crime depended on the amount of marijuana he possessed. Possessing less than 25 grams of marijuana is a severity level 4

3

offense. See K.S.A. 2018 Supp. 21-5705(d)(2)(A). Where, as here, the drug was possessed with intent to distribute within 1,000 feet of any school property, "the severity level of the offense shall be increased one level." See K.S.A. 2018 Supp. 21-5705(d)(5). Pursuant to this statutory authority, the State charged Moore in count 4 with a severity level 3 offense and, after his conviction, the district court sentenced Moore accordingly.

On direct appeal to this court, Moore challenged the State's decision to amend count 4 of the complaint from *distribution* of marijuana within 1,000 feet of a school to *possession with intent to distribute* marijuana within 1,000 feet of a school. The panel ultimately found no impropriety in the State's amendment to count 4. *Moore*, 2017 WL 5016039, at *2-6. In reaching this conclusion, the panel held that the amendment did not prejudice Moore's substantial rights because possession with intent to distribute marijuana is not a crime different from distribution of marijuana. The panel stated, in relevant part:

> "With regard to lack of difference between the crimes, both distribution and possession with intent to distribute marijuana are prohibited under K.S.A. 2015 Supp. 21-5705(a) ('It shall be unlawful for any person to *distribute or possess with the intent to distribute*.'). And both crimes fall within the same severity level under K.S.A. 2015 Supp. 21-5705(d)(2)(A), (d)(5) (distribution or possession with the intent to distribute less than 25 grams of marijuana within 1,000 feet of any school property is a severity level 5 felony)." 2017 WL 5016037, at *5.

Based on the language in the parenthetical following the court's citation to K.S.A. 2015 Supp. 21-5705(d)(2)(A), (d)(5), Moore argues that his severity level 3 sentence is illegal and that he should be resentenced for a severity level 5 offense.

We are not persuaded by Moore's argument. The panel's parenthetical reference to Moore's crime of conviction as a severity level 5 felony is an erroneous statement made in dicta and does not render his sentence for that conviction illegal. Viewed in context, it

appears that the panel's statement of error was grounded in K.S.A. 2018 Supp. 21-5705(d)(5), which dictates that when a drug is possessed with intent to distribute within 1,000 feet of any school property, "the severity level of the offense shall be increased one level." As we noted above, sentences for drug crimes increase as the severity level of the crime decreases, with severity level 1 drug crimes receiving the highest sentences. See K.S.A. 2018 Supp. 21-6805. Rather than increasing Moore's severity level 4 offense *downward* to a more severe level 3 offense as required under K.S.A. 2018 Supp. 21-5705(d)(5), the panel's reference to a severity level 5 offense appears to have been the result of an increase in the severity level of the crime to a *less severe* level 5 offense. See *Moore*, 2017 WL 5016039, at *5. While the panel's erroneous parenthetical statement understandably may have caused confusion, it does not constitute a change to the Legislature's classification of drug crime severity levels as set forth in K.S.A. 2018 Supp. 21-5705(d).

In sum, the record reflects that the district court properly sentenced Moore for severity level 3 possession with intent to distribute less than 25 grams of marijuana within 1,000 feet of a school. See K.S.A. 2018 Supp. 21-5705(a), (d)(2)(A), (d)(5). Moore's sentence was not illegal under K.S.A. 2018 Supp. 22-3504(3): The sentence was not imposed by a court without jurisdiction, it did not fail to conform to the applicable statutory provision as to its character and term of punishment authorized, and it was not ambiguous with respect to the time or manner in which it was to be served. As a result, the district court did not err in denying Moore's motion to correct an illegal sentence.

On a final note, we must acknowledge Moore's assertion that the district court's December 12, 2018 order nunc pro tunc correcting the sentencing journal entry of judgment reflects that he was convicted in count 4 for violation of K.S.A. 2015 Supp. 21-5705(a) and (d)(2)(A) but erroneously fails to reflect that that he was convicted in count 4 of violating subsection (d)(5) of that statute as well. We agree. The court's order fails to comply with our directive for the district court to enter a nunc pro tunc order with regard

to count 4, which we said "should reflect a conviction for possession with the intent to distribute less than 25 grams of marijuana within 1,000 feet of any school property under K.S.A. 2015 Supp. 21-5705(a), (d)(2)(A), *and (d)(5)*." (Emphasis added.) *Moore*, 2017 WL 5016039, at *11.

Because the district court's order nunc pro tunc does not clearly or accurately represent the crime of conviction in count 4, we must remand this matter for the district court to enter a second order nunc pro tunc in compliance with the above directions. See K.S.A. 2018 Supp. 22-3504(2) (clerical mistakes may be corrected by the court at any time).

Affirmed and remanded with directions.